127 So.2d 619

### W. T. SMITH LUMBER CCMPANY

v.

### Annie Mae RAINES.

3 Div. 920.

Supreme Court of Alabama.

March 2, 1961.

Poole & Poole, Greenville, for appellant.

Tipler & Fuller, Andalusia, for appellee.

GOODWYN, Justice.

This is a workman's compensation case tried in the circuit court of Butler County and brought here by certiorari on petition of the employer.

In the trial court the parties stipulated that the only issues to be determined were as follows: "One, whether there was an accident which arose out of or in the course of the deceased's employment with W. T. Smith Lumber Company. Two, if so, was the accident the cause of the death of John Matthew Raines, within the contemplation of the Workmen's Compensation Laws of Alabama."

The trial court found that the decedent employee did suffer an accident on February 16, 1959, which arose out of and in the course of his employment, and that said accident resulted in injuries that precipitated and caused his death on February 21, 1959.

In brief of appellant (defendant below) the issue presented for review is stated as follows:

"Assuming that there was an accident, the testimony of defendant's own witness, Dr. E. V. Stabler, is quite sufficient (albeit the vigorous disagreement of Dr. J. H. Little) to support the trial court's findings that the accident was the cause of death, so the only question presented for review here is: Was there any competent evidence properly before the trial court to support a finding that there was an accident at all."

Appellant takes the position that there was no legal evidence supportive of the finding of an accident, and, therefore, the trial court should not have decreed recovery in favor of the employee's widow (appellee).

Appellant's theory is that the decedent had a coronary thrombosis while on the job and that there was no accident at all.

Appellee's position is that decedent received an injury to his abdomen and chest when he was thrown across a tractor in attempting to crank it; that this injury "triggered" the coronary thrombosis and that both conditions contributed to his death.

There is no question that decedent was employed by appellant and was at his regular place of employment on the morning of February 16, 1959, when he became disabled and was taken to the hospital by one of appellant's personnel department employees. The decedent came to work about 7:00 A.M. and was taken to the hospital shortly after noon. A part of his job was to start the caterpillar tractor on this morning. No one was with him at the time he received his alleged injury and no one saw what actually happened.

On February 18, 1959, a written report was made to appellant by decedent's foreman or supervisor on a "Supervisor Accident Report." This report shows that decedent's occupation was "Cat. Mec.", that the nature of his injury was "pulled muscles in chest or side", that the question, "What job was employee doing, including tools?", was answered, "Cranking caterpillar", that the question, "How was employee injured?", was answered, "Slipped off of caterpillar track caught all of his weight with left hand", that the question, "What was defective, in unsafe conditions [sic], or wrong with method?", was answered, "Track slick."

Also on February 18, 1959, there was prepared in appellant's personnel office an "Employer's First Report of Injury" on a State Department of Industrial Relations' form. This report shows the date of injury as February 16, 1959, that the injury occurred in the "Shop", that injured's occupation was "Tractor mechanic", that appellant was first notified on "Feb. 16, 1959," that the machine or tool causing the accident was "Tractor", that the part involved was "Starter", that as to how accident occurred and what employee was doing when injured, "He was starting a tractor when the recoil of the starter caused his feet to slip from under him. As he fell, he caught all his weight on his left hand, causing him to strain himself", that the nature and location of the injuries were, "Strained muscles of the chest & back," that the attending physician was "Dr. E. V. Stabler, Greenville, Alabama", and that the employee was taken to "Stabler Infirmary" at Greenville.

Also admitted in evidence was a hospital record dated February 23, 1959, signed by Dr. E. V. Stabler, attending physician, showing date of admission of decedent to the hospital as February 16, 1959, and date of discharge "expired 2/21/59." This report also shows the "Provisional diagnosis" to be "Strain Chest Muscle" and "Final diagnosis" as "Contusion & Strain Chest Wall. Coronary Thrombosis."

Also received in evidence was a certified copy of the death certificate showing the following: The cause of death as "Strain & Coronary", a description of how the injury occurred as "jerked suddenly by rt. arm and thrown by a compressor handle onto his abdomen & chest across the compressor", that an autopsy was not performed, and that it was "(probably) accident" rather than suicide or homicide. The death certificate was made by Dr. E. V. Stabler, the attending physician.

Appellant argues that none of the information contained in these documents as to how the injury was received is competent evidence but, on the contrary, is nothing more than hearsay, and that the statutes authorizing admission in evidence of business entries, including hospital records (Code 1940, Tit. 7, § 415), and death certificates (Code 1940, Tit. 22, § 42, as amended

by Act No. 492, appvd. July 9, 1943, Gen. Acts 1943, p. 454) do not operate to admit such hearsay evidence which otherwise would be inadmissible.

As we view the undisputed competent evidence, it is sufficient to support the trial court's finding that there was an accident, thus making it unnecessary to discuss the question whether the information contained in these documents as to how the injury was received is hearsay and incompetent. There is no dispute, as already noted, that the decedent was at his regular place of employment, and that a part of his job was to start the caterpillar tractor on the morning of his injury. Such facts, together with the diagnosis of Dr. Stabler that the injury was a "Contusion & Strain Chest Wall", that the cause of death was "Strain & Coronary", and his testimony given at the trial, that he diagnosed the injury as a fall which triggered the coronary thrombosis, would be circumstances sufficient, in a case of this kind, to justify a reasonable inference that the decedent did, in fact, suffer an accident.

▮ The rule is to construe the facts favorably to the employee, where the evidence affords reasonable room for such construction, which is to say, that "if there is any legal evidence on any reasonable view, or reasonable inference therefrom, that supports the facts found and conclusion announced by the court, it is sufficient under the statute, and the judgment rendered will not be disturbed." Woodward Iron Co. v. Jones, 217 Ala. 361, 362, 116 So. 425; Sloss-Sheffield Steel & Iron Co. v. House, 217 Ala. 422, 116 So. 167. And circumstantial evidence is a recognized form of proof in compensation cases as in others. Davis Lumber Company v. Self, 263 Ala. 276, 279, 82 So.2d 291; Gulf States Creosoting Co. v. Walker, 224 Ala. 104, 106, 139 So. 261.

We are of the opinion that when the evidence is viewed in the light of the foregoing rules, the facts and circumstances shown by the record, not including those

parts of the documents objected to as being hearsay, are sufficient to support a reasonable inference that an accident did occur, as found by the trial court.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.