178 So.2d 87

## REYNOLDS METALS COMPANY

v.

### Clara Mae GRAY et al.

8 Div. 184.

Supreme Court of Alabama.

July 15, 1965.

Rehearing Denied Sept. 2, 1965.

Almon & McAlister, Sheffield, for appellant.

Howell T. Heflin, Tuscumbia, for appellees.

SIMPSON, Justice.

This is a workmen's compensation case brought by the widow and dependent child of McKinley Gray, deceased. The trial court made the following findings here pertinent:

"The deceased, McKinley Gray, was employed by the defendant, Reynolds Metals Company, a corporation, and his job was a furnace helper on the day of said heart attack; that on the day he suffered said heart attack the Court finds that his employment required rather strenuous activity on the part of the deceased during the time of his employment; that he lifted approximately 8 or 10 slabs or blocks of magnesium, weighing from 40 to 50 pounds, from the floor to the door of the furnace a short time before he suffered his heart attack; that the deceased did strenuous work in fluxing a furnace and stirring molten metal with a rake, as well as other vigorous and strenuous tasks; that his average weekly earnings were $100.00 a week;

"That on November 10 [sic, 19], 1961, that the relationship of employer and employee existed between the plaintiff and the defendant, and that on said

day they were subject to the provisions of the workmen [sic] compensation laws of Alabama;

"That on said day while so employed by the defendant at its plant at Lister Hill, Colbert County, Alabama, the deceased suffered an accident which arose out of and in the course of his employment while doing strenuous work, which included, but not limited to, the lifting of blocks of magnesium and fluxing of a furnace and raking molten metal with a heavy rake, and as a proximate result and consequence of said accident he suffered a heart attack from which he died on November 20, 1961 at the Eliza Coffee Memorial Hospital in Florence, Alabama;

\*    \*    \*    \*    \*    \*

"The Court, therefore, concludes as follows:

"That the said McKinley Gray died as a proximate result of a heart attack on November 20, 1961, which said heart attack was proximately caused by an accident which arose out of and in the course of his employment with the defendant on November 19, 1961, and that the facts concerning the decedent's death and accident bring his said death and accident within the court approved definition of accident and proximate cause;

"That the circumstantial evidence concerning said accident and the death of the said McKinley Gray, along with the medical testimony was sufficient to establish that his death and accident arose out of and in the course of his employment with the defendant; \*    \*    \*."

■ From this finding Reynolds seeks a review. The only issue which separates the parties is whether the cause of death of McKinley Gray was an accident within

the meaning of our workmen's compensation statute. Title 26, § 253, Code.

Our review is limited as follows:

" 'On certiorari to review judgments in compensation cases, this court will not look to the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the trial court, and this rule applies when the award or compensation is denied as well as where there has been a judgment favorable to the plaintiff. Our review here on certiorari is confined to questions of law apparent upon the face of the record. \*    \*    \*

" 'Where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive. \*    \*    \*' Bass v. Cowikee Mills, 259 Ala. 391, 393, 67 So.2d 12, 13." Cited in Southern Cotton Oil Company v. Wynn, 266 Ala. 327, 96 So.2d 159.

■ This principle clearly indicates that we must construe the facts favorably to the employee in this case, where the evidence allows such a construction, " \*    \*    \* which is to say, that 'if there is any legal evidence on any reasonable view, or reasonable inference therefrom, that supports the facts found and conclusion announced by the court, it is sufficient under the statute, and the judgment rendered will not be disturbed.' " W. T. Smith Lumber Co. v. Raines, 271 Ala. 671, 127 So.2d 619.

With this predicate we turn to the record. Is there any evidence to support the findings set out above? Clearly there is. A co-worker of the deceased testified that the deceased picked up and put into the furnace eight or ten pieces of magnesium which weighed fifty pounds each, that they were heavy, that they weighed collectively in the neighborhood of four to five hundred pounds which Mr. Gray lifted within

a period of eight to ten minutes. He further testified that the heat from the furnace when the door was opened would come out and that the temperature in the furnace was around 1350 degrees fahrenheit, and that a person putting eight or ten magnesium sticks into a furnace would be in front of the door where the temperature would be from 1300 to 1400 degrees fahrenheit for a period of eight to ten and possibly fifteen minutes; that Mr. Gray and he put the fluxing pipes in this furnace just before Mr. Gray complained of pains in his arms and went to the first aid station. He died the following day.

■ Reynolds argues that there is no accident here since no one occurrence can be pinpointed as having caused the attack. Under the law in Alabama it is not essential that an external traumatic injury occur. Pow v. Southern Construction Company, 235 Ala. 580, 180 So. 288. We have stated in several recent cases that where the proximate cause of the plaintiff's injury was the strain or exertion of his work (as distinguished from exposure), a finding by the trial court that the plaintiff had been subjected to unusual strain or over-exertion was not necessary to support a conclusion that the injury was caused by an accident arising out of his employment and compensable under our workmen's compensation statute. Alabama Textile Products Corporation v. Grantham, 263 Ala. 179, 184, 82 So.2d 204, 208, noted with approval in Southern Cotton Oil Company v. Wynn, 266 Ala. 327, 96 So.2d 159.

In this last case we stated that:

"'There was no finding by the trial court that the injury was caused by a blow, slip, fall or that it resulted from any unusual strain or exertion. But such findings are not necessary to support the conclusion that an injury of the kind which this plaintiff sustained was caused "by an accident" within the meaning of our workmen's compensation law * * *.'"

See also Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291.

This Court has recognized in several cases that heart attacks may be caused by accidents within the meaning of our statute when the employee is shown to have been engaged in strenuous activity connected with his employment prior to or at the time of the fatal attack.

■ We have carefully studied the record in this case. We find ample evidence to support the findings made by the trial court. It is undisputed that just prior to the time the decedent first complained of pain in his arms he had been engaged in extremely strenuous work and subjected to extreme temperatures. Medical experts testified that a coronary thrombosis (from which decedent died) could be caused from such exertion. These circumstances, along with the presumption in favor of the court's finding, clearly indicate that the judgment appealed from should be affirmed.

■ We think the language used in Gulf States Creosoting Company v. Walker, 224 Ala. 104, 139 So. 261, is equally appropriate here:

"If deceased, while engaged in work or heavy lifting, and great strain, with no evidence of chronic cough or other cause of hernia, suddenly develops it in a very acute and painful state, which continues unabated, and he dies the following day, it is not, in our opinion, mere surmise or conjecture to find that his condition was produced by the nature of his work, but that it was so produced is rather a fair, if not conclusive, inference from those circumstances * * *."

This language is equally appropriate regardless of the type of condition causing death. In the above case the decedent had a hernia.

■ We recognize that the workmen's compensation statute as enacted in this state

docs not write a life insurance policy covering every employee covered under it, but we think in cases where it is established that the job killed the worker, the legislature intended that his widow and minor children would be compensated.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.