237 So.2d 867

**Frankie Lee HANNAH**

v.

**KELLERMAN MINING COMPANY,**
a Corporation, et al.

**6 Div. 47.**

Court of Civil Appeals of Alabama.

April 29, 1970.

Rehearing Denied June 3, 1970.

Rosen, Wright, Selden & Harwood, Tuscaloosa, for appellant.

McQueen, Ray & Allison, Tuscaloosa, for appellees.

BRADLEY, Judge.

This case comes to us on a writ of certiorari from the Circuit Court of Tuscaloosa County, Alabama.

Appellant filed a complaint pursuant to Title 26, Sections 283 and 285, Code of Alabama 1940, as Recompiled 1958, for the death of her husband while he was an employee of appellee.

A demurrer was filed to the complaint, and, subsequently, overruled. Thereupon, a plea in short by consent was filed and trial was had before the court sitting without a jury.

The trial court entered judgment in favor of appellee, and appellant made a motion for a new trial. This motion was overruled and the writ of certiorari, as authorized by Title 26, Section 297, Code of Alabama 1940, as Recompiled 1958, was asked of this court, and we granted it.

There are fifteen assignments of error in the record before us. However, all of the assignments, except assignment number six, are argued under assignment number five.

Appellant, in her assignment of error five, contends that the decree of the trial court is contrary to the law and the evidence.

Also, appellant, in her assignment of error numbered six, contends that the portion of the findings of fact finding that there was no evidence of an accident arising out of and in the course of deceased's employment causing his death, was erroneous.

These two assignments of error will be considered together inasmuch as we think the issues raised by them are decisive of the review.

The trial court made a finding of facts in its decree, and we think the quotation of a portion thereof would be helpful in understanding the decision later made by it:

"That the said Grathan Hannah died on July 10, 1967, at which time he was an employee of the Defendant, Kellerman Mining Company, and that both he and said Defendant were, at that time, subject to the provisions of said Workmen's Compensation Laws; that at the time of the death of said Grathan Hannah he was working for his said employer in the line and scope of his employment.

"However, the Court further finds that there is an entire absence of evidence that the death of said Grathan Hannah was the result of an accident arising out of and in the course of his employment by the Defendant. For aught appearing from the evidence his death could have been due to natural causes"

The evidence set out in the record of this case showed that the deceased was em-

ployed at appellee's mine as a car trimmer. His duties consisted of cleaning out railroad coal cars, moving them into position under the coal chute, filling the cars with coal from a chute fed by an electrically operated conveyor belt, and then manually moving the loaded cars down below the loading chute.

The cars were moved by using a pinch bar. The use of this device called for physical exertion, more at times than at other times.

On the day of his death the deceased had just returned to work from a two week vacation. About 1:00 p. m. on that day, deceased returned home to refill his water jug, and remarked to his wife that, "He got too damn hot this morning and like to have died." His wife stated that at this time his clothes were wet with perspiration.

The testimony further showed that deceased rested at his house for a few minutes, then returned to his job.

At about 3:25 p. m. that day, deceased was found near the tool shack, on his all fours, with his face on the ground. His face had turned blue and he was dead.

An ambulance was called and the body was taken to the Druid City Hospital in Tuscaloosa, Alabama, where he was pronounced dead on arrival by an attending physician. The body was then carried to a funeral home where the coroner examined the body and pronounced the cause of death as being a cardiac failure. No autopsy was performed, but the coroner stated that the excessive perspiration from the body went along with cardiac failure.

Loys Hannah, a brother of the deceased, testified that he saw the deceased at about 2 p. m. on the day in question and deceased complained about an "awful burning in his chest." He also stated that deceased was performing the same functions that were normally performed on this job.

This witness—and several other witnesses—stated that this job required a good bit of physical exertion. However, the superintendent stated that it was an easy job and that deceased had been doing it for about four years.

Also, the man who replaced the deceased stated the job was easy; however, this man has a helper.

But, the replacement stands only five feet seven, weighs 118 lbs. and has emphysema.

The day of the deceased's death was described as being "very hot and humid;" although the Weather Bureau temperature for that July day was 86° with a relative humidity of 85%.

The deceased was survived by his wife and a 28 year old invalid daughter.

In its finding of facts the trial court concluded that there was no evidence tending to prove that the death of deceased was the result of an accident arising out of and in the course of his employment by the appellee. For ought that appeared from the evidence, the death could have been due to natural causes.

It appears that we are faced with the question of whether or not there was an accident arising out of and in the course of deceased's employment that caused his death.

In the case of Davis Lumber Co. v. Self, 263 Ala. 276, 82 So.2d 291, the Supreme Court of Alabama said:

"In other words, the burden was on plaintiff to reasonably satisfy the trial court by competent evidence (1) that her husband sustained a personal injury, (2) which was caused by an accident arising out of and in the course of his employment, and (3) to show by the same character of evidence a causal connection between the injury so received and death. There must be legal evidence of the facts necessary to relief. The conclusion of the trial court must not be allowed to rest on surmise."

See also Alabama Textile Products Corp. v. Grantham, 263 Ala. 179, 82 So.2d 204;

Southern Cotton Oil Company v. Wynn, 266 Ala. 327, 96 So.2d 159; and Title 26, Section 253, Code of Alabama 1940, as Recompiled 1958.

The trial court, in its findings of fact, found no evidence to support the allegation that the death of deceased was caused by an accident arising out of and in the course of his employment.

We are in agreement with the trial court. The record is devoid of any evidence showing that deceased suffered an accident resulting in his death while on the job.

The evidence showed that deceased was found dead near a tool shack located on the premises of his employer.

The testimony of the coroner was that deceased died as a result of cardiac failure. For ought that appeared from the evidence, the death could have resulted from natural causes.

The evidence further showed that prior to deceased's death he was doing what was normally required of him and what he had been doing for the last four years. And, although it was a hot day, it was not an unusually hot day for July 10, 1967.

There was no evidence of any unusual exertion while on the job, although our Supreme Court has stated that overexertion or unusual strain is not necessary to be proved; Alabama Textile Products Corp. v. Grantham, supra; nor was there any evidence of overexposure while deceased was on the job.

Although the Supreme Court in Reynolds Metals Co. v. Gray, 278 Ala. 309, 178 So.2d 87, said:

"This Court has recognized in several cases that heart attacks may be caused by accidents within the meaning of our statute when the employee is shown to have engaged in strenuous activity connected with his employment prior to or at the time of the fatal attack."

It also said in that same case:

"It is undisputed that just prior to the time the decedent first complained of pain in his arms he had been engaged in *extremely* strenuous work and subjected to *extreme* temperatures. Medical experts testified that a coronary thrombosis (from which decedent died) could be caused from such exertion." (Emphasis supplied)

The Supreme Court further stated, in this same case:

"We recognize that the workmen's compensation statute as enacted in this state does not write a life insurance policy covering every employee covered under it, but we think in cases where it is established that the job killed the worker, the legislature intended that his widow and minor children would be compensated."

In the case at bar, there was no evidence, and the trial court so found, that the deceased had overexerted himself or had been overexposed to extreme heat prior to his death. Furthermore there was no medical evidence of what caused deceased's death. As found by the trial court, for ought that appeared from the evidence, the deceased died from natural causes.

The evidence does not establish that the job killed the deceased in this case, and to find otherwise would indeed be saying that the legislature, when it enacted the Workmen's Compensation statute, wrote a life insurance policy for every employee covered under it.

For this court to decide contrary to the findings of the trial court would require that we resort to conjecture and surmise in reaching a decision that deceased died as a result of a job-connected accident. This we cannot do.

We therefore conclude that the appellant failed to carry the burden imposed on her of proving that deceased's death was the result of a job-connected accident, and that the trial court's judgment was correct and should be affirmed.

Affirmed.