241 So.2d 893

**Darline L. WILLIAMS**

**v.**

**ALCO MINING COMPANY, a Corporation.**

**6 Div. 57.**

Court of Civil Appeals of Alabama.

Dec. 10, 1970.

Skidmore, Skidmore & Crownover, Tuscaloosa, for appellant.

**334**

Roberts & Davidson, Tuscaloosa, for appellee.

THAGARD, Presiding Judge.

Appellant, plaintiff below, brought this action to recover benefits under the Workmen's Compensation Law for herself and her minor son growing out of the death of her husband, Charles S. Williams, an employee of the defendant-appellee. Mrs. Williams contended in her petition that her deceased husband had died on November 4, 1966, due to a heart attack which was brought on by strain or exertion in and about his work for defendant.

The testimony during the trial of the case presented the following facts:

Charles S. Williams, thirty-six years of age and apparently in good health, was employed by the defendant as an oiler. The defendant was then engaged in strip mining in Tuscaloosa County and Williams' duties required him to check the oil in the diesel motor on a dragline and to check the oil in the air compressor motor. His duties were not of a strenuous nature, or what is generally referred to as hard work except lifting fifty pound drums.

On the evening before his fatal heart attack, Mr. Williams had complained to his wife about some pain in his chest but did not mention it the next morning before going to work.

Mrs. Williams testified that her husband had left home about 5:30 A.M. to go to work; that about 8:30 A.M., her husband's brother came and told her that her husband had suffered a heart attack; that Mr. Osborn took her to the strip mine where Mr. Williams was stricken, but he was already dead when she arrived.

James P. Boyd testified for the plaintiff that at the time Williams died he was employed by the defendant as a powder boy. He testified that he heard Williams tell Osborn, general boss of the operation, that he had pains in his chest and had had a smothering feeling all night; that he wanted off long enough to go to a doctor; that Osborn said he was pushed so much that morning that he didn't have time to let anybody off and said, "Go on over there and forget about hurting." Mr. Osborn denied making this statement.

Dr. Ralph Brown, an "expert" witness called by the plaintiff, stated in response to a hypothetical question that in his opinion the work that Williams did immediately preceding his heart attack contributed to it; that the symptoms as expressed by Williams were of such severe nature that any physical or mental exertion to any degree was inadvisable; that complete rest is desirable and that any activity is calculated

to produce a coronary thrombosis. Brown is a chiropractor and testified on cross-examinations that he doesn't treat patients for coronary thrombosis; that a chiropractor is a nerve specialist.

At the conclusion of the testimony the trial judge took the case under advisement and on September 30, 1969, entered a final decree in which the court found, among other things, that the deceased was an employee of the defendant; that Williams' death occurred while he was on the job and that he died as a result of a coronary thrombosis. The court further found that such coronary thrombosis was not the result of his work for defendant nor did such work contribute to the coronary thrombosis, or his death, and that therefore, his death was caused by something other than an accident arising out of and in the course of his employment as the same is defined by law.

Tit. 26, § 262(i), Code of Alabama, Recompiled 1958, defines accident as follows:

"The word 'accident' as used in the phrases 'personal injuries due to accident' or 'injuries or death caused by accident' in articles 1 and 2 of this chapter shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforeseen event, happening suddenly and violently, with or without human fault, and producing at the time injury to the physical structure of the body by accidental means."

The appellant contends that Mr. Williams' death or heart attack falls within this definition, and says that the only real question left for this court's consideration is whether or not the exertions and duties of Williams' job produced or contributed to this accident.

Appellant states that the evidence shows that on the day of his death Williams performed the following duties: He drove an automobile; he oiled the dragline; he checked the oil and water in the big motor; he oiled some bearings; he swept and mopped the floor of the dragline which was 8 or 9 feet above the level of the ground; he had procured and brought to Mr. Stanley a chain hoist weighing 10 to 15 pounds; he had procured a can of mineral spirits at the shop; he had climbed a 135 foot boom sitting at an angle of 38 degrees and oiled the shaft wheel.

In Proposition of Law VI appellant contends that the finding of fact by the trial judge to the effect that Williams' work did not contribute to his heart attack was not sustained by the evidence and, therefore, should not be allowed to stand.

The appellee, in his Proposition of Law I, asserts that in order to recover, plaintiff must prove the allegations of her complaint that 1. Williams died of a heart attack, and 2. That his death was an "accident" within the meaning of workmen's compensation laws. Appellee argues that no certified copy of a death certificate was introduced into evidence, (A death registration notice which is not an official certificate was introduced.), nor was there any medical evidence or testimony other than lay personnel of cause of death presented. The appellee cites United Telephone and Telegraph Co. v. Culiver, 271 Ala. 568, 126 So.2d 119, in which the Supreme Court said:

"In several recent cases this court has held that where the proximate cause of the plaintiff's injury was the strain or exertion of his work (as distinguised from exposure), a finding by the trial court that the plaintiff had been subjected to unusual strain or overexertion was not necessary to support a conclusion that the injury was caused by an accident arising out of his employment. (Citations omitted.)

"But in each of the cases cited the evidence showed a sudden injury at a specific time, * * *" (271 Ala. at page 569, 126 So.2d at page 120)

Appellee cites Hannah v. Kellerman Mining Co., 46 Ala.App. 63, 237 So.2d 867, in which Judge Bradley said:

" ' * * *, the burden was on plaintiff to reasonably satisfy the trial court by competent evidence (1) that her husband sustained a personal injury, (2) which was caused by an accident arising out of and in the course of his employment, and (3) to show by the same character of evidence a causal connection between the injury so received and death. There must be legal evidence of the facts necessary to relief. The conclusion of the trial court must not be allowed to rest on surmise.' " (237 So.2d 869)

Appellee argues that there is no legal evidence to prove that the death arose out of and in the course of the employment. The fact that the death occurred on the job site does not mean that it arose out of and in the course of the employment. The fact that he died during working hours does not mean that the plaintiffs are entitled to recover. The only things that the plaintiffs have proven are that the man came to work that day, that he died while on the job site and while at work.

Finally, in Proposition of Law IV, appellee asserts the old maxim that if any reasonable view of the evidence will support the trial judge's conclusion, the findings will not be disturbed on appeal.

Five workmen's compensation cases in which the deceased died of a heart attack are cited by appellee. These are:

1. Great Atlantic and Pacific Tea Co. v. Davis, 226 Ala. 626, 148 So. 309, in which deceased suffered a heart attack three days after receiving an electric shock from the sausage grinder he was operating. Compensation awarded.

2. W. T. Smith Lumber Co. v. Raines, 271 Ala. 671, 127 So.2d 619, in which deceased slipped and fell from a tractor and was thrown in a compressor handle across his abdomen and chest. He died five days later of "strain and coronary." Compensation awarded.

3. City of Jasper v. Sherer, 273 Ala. 356, 141 So.2d 202, in which deceased suffered a heart attack following a heated argument while on the job. Compensation denied—not termed an "accident."

4. Reynolds Metals Co. v. Gray, 278 Ala. 309, 178 So.2d 87, in which the deceased had been engaged in very strenuous work and subject to extreme temperatures when he died. Compensation awarded.

5. Hannah v. Kellerman Mining Co., supra, in which there was no evidence presented which tended to show that the death of Grathan Hannah was a result of an accident arising out of and in the course of his employment by the defendant. The deceased's work was extremely strenuous but there was no showing that deceased suffered an accident resulting in his death while on the job. Judge Bradley, in his opinion, stated as follows:

"In the case at bar, there was no evidence, and the trial court so found, that the deceased had overexerted himself or had been overexposed to extreme heat prior to his death. Furthermore there was no medical evidence of what caused deceased's death. As found by the trial court, for ought that appeared from the evidence, the deceased died from natural causes.

"The evidence does not establish that the job killed the deceased in this case, and to find otherwise would indeed be saying that the legislature, when it enacted the Workmen's Compensation statute, wrote a life insurance policy for every employee covered under it.

"For this court to decide contrary to the findings of the trial court would require that we resort to conjecture and surmise in reaching a decision that deceased died as a result of a job-connected accident. This we cannot do." (237 So.2d at page 870)

The Supreme Court, in Reynolds Metals Co. v. Gray, supra, held that in workmen's compensation cases the court will not look to the weight of the evidence as to any fact found by the trial court, and that this rule applies when compensation is denied as where there has been a judgment favor-

able to plaintiff; that its review on certiorari is confined to questions of law apparent on the face of the record; and that where testimony is conflicting, but there is testimony supporting the finding of the trial court in proceedings under the Workmen's Compensation Act, such finding is conclusive.

From our review of the evidence we conclude that the only facts proven by the plaintiff by a preponderance of the evidence were these: (1) Plaintiff's deceased husband was an employee of the defendant and working on the job at the time of his death; (2) The defendant was subject to the provisions of the Workmen's Compensation Act; (3) His average weekly earnings were $128.00 per week; and (4) The plaintiff and her minor son were respectively his widow and dependent son at the time of his death. Everything else necessary to awarding compensation is left to conjecture. We do think it probable that the decedent died of some form of heart attack, and we do not quarrel with the finding of the trial court that he died of a coronary thrombosis. As to the other findings of fact of the trial court, we think there was evidence to support the same; hence, we will not disturb them on this appeal.

Affirmed.