This is a workman's compensation case wherein judgment was rendered in favor of the widow for death benefits when death resulted from a heart attack. We affirm.
The court made a finding of fact which includes the following: John William McDowell was employed by defendant as a truck driver on December 18, 1973. He was in Warren, Ohio, on that date to pick up a load of metal strapping. The day was cold and windy following snow with the temperature around 18 degrees. Though McDowell did not participate in loading his trailer, it was his duty to remove a folded tarpaulin from the trailer and place it over the load and tie it down after loading. The tarpaulin ordinarily weighed 100 to 200 pounds. On this day it was wet and frozen and McDowell exerted himself in struggling *Page 1140 
with it in the wind and cold. He had been working with the tarpaulin for some 15 minutes when he was observed to be sick and white and had to sit down. As a result of the strain and exertion, McDowell suffered a myocardial infarction or heart attack. He was hospitalized and on December 31, 1973, a second attack occurred and he died from heart damage on January 1, 1974. McDowell's death was caused by heart attack produced by the exertion of his work on December 18, 1973.
Upon the finding of such facts, the court granted judgment and awarded the widow death benefits in the amount of $34,000.
The issues presented on appeal are that the evidence is insufficient to support the award of compensation and the law was improperly applied to the facts.
In considering the issue of the insufficiency of the evidence to support the award, we must state that the statutory method of review in workmen's compensation cases is by certiorari. Title 26, § 297, Code of Alabama (1940) (Recomp. 1958). Such review is limited to questions of law if there is any legal evidence to support the trial court's finding of fact. SouthernCotton Oil Co. v. Wynn, 266 Ala. 327, 96 So.2d 159 (1957). This court will not weigh the evidence nor consider its preponderance but will review the evidence only to determine if any reasonable view of it supports the conclusions of fact of the trial court. If there is any legal support for the findings of fact of the trial court we may then determine if the correct legal conclusions have been drawn therefrom. Reynolds MetalsCo. v. Gray, 278 Ala. 309, 178 So.2d 87 (1965); DorseyTrailers, Inc. v. Weaver, 263 Ala. 229, 82 So.2d 261 (1955).
Defendant contends that the facts in this case do not meet the standards of causation set out in the case of City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729 (1975). We said in that case that the courts in Alabama, after much difficulty of definition and application of the statutory term "injury by accident," have come to the conclusion that if the job caused the injury it was "by accident" within the intent of the Workmen's Compensation Act. We further indicated that even so, there remained the problem, particularly in heart attack cases, of causation: How to establish that the job caused the heart attack? We pointed out that Larsen in Workmen'sCompensation Law, Vol. 1A, said that causation has two parts, a legal part and a medical part. The legal part required the law to define what must occur in order to make a finding that the job caused the injury. If such legal definition or test is successfully applied then the medical evidence must show whether the occurrence held legally sufficient did in fact cause the heart attack.
We further said in Howard that the legal test of cause of injury would not require proof of some unusual exertion or strain not ordinary to the job, but that a proper test was set out in the case of Pow v. Southern Constr. Co., 235 Ala. 580,180 So. 288 (1938). That was if in the performance of the duties of the job, an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may be legally determined to have arisen from the job and be termed an accident. It then must be determined whether the medical test of causation can be shown — i.e., did the conditions, danger or risks on the job precipitate or contribute to the injury?
Though in retrospect what we have related we said in Howard
does not appear as clear and definitive as we then thought, we adhere to the basic premise then stated. Simply stated, that premise is: If in the performance of his job he has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and the exertion or strain or the exposure to the conditions was, in fact, a contributing cause to his injury or death, the test whether the job caused the injury or death is satisfied.
The problem arising in many heart attack cases in the past has been the absence of proof of one or both of the parts of causation. City of Tuscaloosa v. Howard, supra; *Page 1141 Hannah v. Kellerman Mining Co., 46 Ala. App. 63, 237 So.2d 867
(1970).
The facts found by the trial court and which we related in the beginning of this opinion are supported by legal evidence and its reasonable inferences. Under the limitation of our review, we can go no further. There is no question but that McDowell removed a heavy tarpaulin from his trailer and worked with it in 18-degree cold and high wind for about 15 minutes; that it had been snowing and the tarp was wet and possibly frozen, making it all the heavier. Whether he was putting the tarpaulin on the load or was taking it off the truck does not appear significant as defendant argued. He was observed to be in distress and he was medically determined to have suffered a heart attack while so engaged.
Had he not been on the job he would not have been lifting and exerting himself with the tarpaulin in the cold weather. It is no answer to contend that he had been doing similar work under similar conditions for many years and the exertion was not unusual, or that he had heart disease. Unusual strain or exertion not ordinary to the job is not required to be shown.City of Tuscaloosa v. Howard, supra. Neither does the fact that the workman had a pre-existing disease affect an award of compensation if the job combined with the disease to produce the death. Southern Cotton Oil Co. v. Wynn, supra.
Defendant contends as a second issue that the testimony of the attending physician that the heart attack was caused by exertion in struggling with the tarpaulin is based on hearsay and was inadmissible. It is apparently the position of defendant that when the doctor was asked to give the history of the patient, the history must have been limited to medical history rather than a factual history of what activity he had been engaged in immediately prior to or at the time he became ill.
The courts of this state have recognized that statements of past pain and subjective symptoms made to a physician for the purpose of receiving medical diagnosis and treatment are allowed to be stated by the physician for the purpose of showing the basis of his medical opinion but not for the purpose of showing the truth of the statements. Lowery v.Jones, 219 Ala. 201, 121 So. 704 (1929). It has also been permitted, over an objection of hearsay, that a physician testify as to the patient's statements concerning the circumstances under which the injuries were sustained, if such information is necessary to enable the physician to form an opinion as to the nature and extent of the injury. AlabamaPower Co. v. Edwards, 219 Ala. 162, 121 So. 543 (1929). In the case of McLaney v. Turner, 267 Ala. 588, 104 So.2d 315 (1958) the court approved admission of testimony of a physician as to what the plaintiff told him of road conditions, his speed and the time of the accident. These statements were admitted to establish the basis for the doctor's findings and not as evidence of how the wreck occurred. In view of these authorities, it is our opinion that the testimony of the doctor in this case was admissible at least for the purpose of showing the basis for the doctor's opinion or findings. It certainly appears that in order to properly diagnose whether a patient has suffered a heart attack the doctor needs to know what the patient had been doing immediately before he became ill.
Though the court used the same term of action — "struggling" — as did the doctor in stating the history, there is sufficient evidence other than that of the doctor to establish the factual conclusion that McDowell had struggled with the tarpaulin. Though we perceive no error in the admission of the doctor's statement, had there been, it would not require reversal. When a trial is without a jury, an error in admission of evidence does not authorize a reversal, if the judgment is sustained by other legal evidence. Bienville Mortgage Corp. v.Mayo, 286 Ala. 675, 245 So.2d 819 (1971).
Defendant's remaining issue, that the court erred in permitting the doctor to answer the hypothetical question requesting his opinion as to the cause of the heart *Page 1142 
attack, is not well taken. Defendant contends that the hypothetical assumes facts not in evidence. Our examination of the evidence convinces us to the contrary. The trial court was not in error.
There being legal evidence to support the finding of fact of the trial court and finding no error in the application of the law to those facts, we affirm the judgment below.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.