I concur in the affirmance of the judgment of the trial court finding that the plaintiff is entitled to recover. I find the legal evidence sufficient to support the conclusion that the employment of the deceased caused or materially contributed to his death. Newman Bros., Inc. v. McDowell, 354 So.2d 1138
(Ala.Civ.App. 1977). The trial court found that the deceased suffered two heart attacks. Our review of the depositions of the medical experts indicate *Page 1142 
it was their opinion that the second heart episode which precipitated death was a "heart event" rather than a "heart attack" and that the "event" resulted because recovery from the "attack" had not been completed. "Heart event" means that arrythmia of the heart occurs and it is unable to pump the blood. A heart attack occurs when there is a blood clot or a blockage, due to disease, of one of the arteries of the heart causing death of heart muscle.
The evidence was that the deceased had some arrythmia or irregularity of the heart during hospitalization. To correct and regulate the heart beat there was a pace wire inserted. It was the opinion of the deposed physician that the deceased died from a reoccurrence of arrythmia or fibrillation of his heart rather than a second heart attack. Medically, such fibrillation is not termed a heart attack but is termed a "heart event." At least one of the physicians testified that the "event" was a consequence of the first "attack." The heart attack of October 31, 1973 was sufficiently shown to have been caused by the stress and physical activity of the job.
It is my purpose to show that the trial judge reached the correct decision though not a completely correct finding of fact. The correct result is all that is required upon our review. Staub v. Alabama Power Co., 350 So.2d 386 (Ala. 1977). I would further like to make clear that the decision of the court must be considered as limited to the facts of this case. It is no precedent for the proposition that a second heart attack or heart event following a prior job-related heart attack will require a determination of employer liability for workmen's compensation. Each case must be decided upon its own facts.
I concur with the result of the decision in all respects.