This is a workmen's compensation case involving the employee's death occasioned by a heart attack.
Mr. Parker was a store manager for Big "B" in Montgomery. He was a physically inactive person. For one and one-half hours during the late afternoon of January 10, 1979, Mr. Parker and two other employees unloaded a truck of drugstore supplies at that store. It was somewhat unusual for him to assist in such activities. Some of the boxes which he handled weighed approximately fifty pounds. Although it was "very cold," he sweated profusely and excessively and complained about the heat and his tiredness. He was short of breath, appeared to very tired and had trouble in breathing.
About fifteen minutes after the truck was unloaded, he proceeded home where "[h]e just literally in a prone position just crawled on the couch." He was very pale and soon went to bed without eating his meal. He could not sleep, being very restless and vomiting twice during the night. Because of his difficulty in breathing, he sat on the side of the bed. He complained of hurting in the back between the shoulder blades and of a full feeling in his chest. He was weak, stiff and moved slowly.
Those symptoms continued, and others developed such as excessive swelling of his ankles, and he, finally, was admitted to the hospital on January 18, where he died in less than eighteen hours of myocardial infarction. He had not suffered any similar difficulties prior to their appearance on January 10.
The trial court found that in unloading the truck, Mr. Parker "exerted or strained himself or was exposed to conditions of risk or hazard and that he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job . . ." that such was, in fact, a contributive cause to his death which was caused by an accident arising out of and in the course of his employment.
Heart attack workmen compensation cases present particular causation problems. In such matters, causation has two parts, a legal part and a medical part. The only issue in this case is "whether there is any evidence of medical causation" of Mr. Parker's death which will support the trial court's award of survivorship or dependent benefits. Accordingly, we must determine whether the medical test of causation was proved — "i.e., did the conditions, dangers or risks on the job precipitate or contribute to . . ." his death. Newman Bros.,Inc. v. McDowell, Ala.Civ.App., 354 So.2d 1138 (1977), cert.denied, 354 So.2d 1142 (1978); City of Tuscaloosa v. Howard,55 Ala. App. 701, 318 So.2d 729 (1975). Primarily, only pertinent facts to that issue are summarized or discussed.
In Newman Bros., supra, it was further stated as to medical causation:
 If . . . the exertion or strain . . . was, in fact, a contributing cause to his injury or death, the [medical] test whether the job caused the injury or death is satisfied.
354 So.2d at 1140.
The medical evidence by Mr. Parker's attending cardiologist, while hospitalized, was that he felt strongly that Mr. Parker's heart attack preceded his admission to the hospital by about a week. Some of his testimony was:
 With no previous development of such symptoms prior to unloading that truck and the development of these symptoms in close proximity to that, I think there's a very reasonable probability that this stress may have played some part in his myocardial necrosis. . . .
. . . . *Page 117 
 I have to say that there is a reasonable probability and my feeling is that it (the stress of January 10) probably did contribute to his myocardial infarction. . . .
. . . .
 I think those findings that you described, the sweating, the weakness, the shortness of breath, are a definite manifestation that something has gone, has happened with his ticker and that the overwhelming probability is that he has had a myocardial infarction that preceded the symptoms, so I think that certainly says that his myocardial infarction was before that day (January 12). . . .
. . . .
 I think it is a very likely probability that that exercise (unloading the truck) did contribute to his myocardial infarction. (Parentheses supplied.)
The employer argues vigorously that such evidence is insufficient proof of medical causation. We disagree.
While that physician testified that he would never know with certainty whether the exertion or strain in unloading the truck in fact caused or contributed to Mr. Parker's heart attack, the above quotations from his evidence strongly indicate that he was of the definite opinion that it was reasonably probable that the stress of unloading the merchandise contributed to his myocardial infarction from which he died.
In Fordham v. Southern Phenix Textiles, Inc., Ala.Civ.App.,387 So.2d 204, cert. denied, 387 So.2d 206 (1980), workmen's compensation was denied by the trial court to an employee who had suffered a stroke. As to medical causation, the depositions of physicians were introduced into evidence. They deposed that the employee's job, as well as three other factors, could have contributed to her stroke. This court affirmed because some of the medical evidence indicated that the employee's job was not necessarily a cause of her stroke. Thus, competent evidence sustained the trial court's findings. However, it was expressly observed therein, "This court should not be understood as necessarily finding that there is no evidence to support a contrary result. Only that under the appropriate standard of review there is evidence to support the trial court's conclusion." In Fordham, had the trial court awarded compensation, it would have been upheld as to medical causation by the evidence that the "job could have contributed to her stroke." See also, Reynolds Metals Co. v. Gray, 278 Ala. 309,178 So.2d 87 (1965). Here, the cardiologist's evidence was even more definite than "could have." It constituted competent proof of medical causation, that the exertion or strain of unloading the truck was, in fact, a contributing cause of Mr. Parker's death.
The burden of proof in workmen's compensation cases is upon the employee to reasonably satisfy the trial court by the evidence of the truth of the elements of the cause of action. The Newman Brothers and City of Tuscaloosa cases, supra, did not alter nor enlarge that burden, but simply clarified the elements in heart attack cases as to medical and legal causation. Evidence must appear as to both aspects of causation or the employee's case fails for lack of proof. Such is not the case at hand.
In reviewing judgments in workmen's compensation cases, this court may not weigh the evidence, but must determine if there is any legal evidence, or reasonable inferences therefrom, to support the judgment. Vulcan Materials Co. v. Belcher,49 Ala. App. 61, 268 So.2d 843, cert. denied, 289 Ala. 754,268 So.2d 848 (1972). As previously indicated, competent evidence is supportive of the trial court's findings as to medical causation.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur. *Page 118