This is an appeal in a workmen's compensation case.
On July 6, 1977 Ginger Haggard injured her left knee in a covered accident while working at Uniroyal, Inc., an employer subject to the Alabama Workmen's Compensation Act. The injury occurred when Ms. Haggard was in the process of emptying a pan of grease from a machine and caught the leg of her overalls on an obstruction, *Page 866 
causing her to fall to the floor. After her injury, she was initially treated by a company physician who referred her to Dr. Harold Gerald Goldsmith, an orthopedic surgeon. Dr. Goldsmith performed surgery on Ms. Haggard's knee and followed up the procedure with medication and office consultations. He eventually decided that she had recovered to the point that she could return to work and dismissed her as a patient. Because she continued to experience pain, Ms. Haggard consulted with a second orthopedic surgeon, Dr. Steven Hunter. His recommendation was that she undergo further surgery. A hearing was held on November 20, 1979 in the Lee County Circuit Court to determine whether she required the prescribed surgery. In an order dated October 6, 1980 the court found that Ms. Haggard should undergo the surgery and also stated:
 "The Court finds that the plaintiff will be temporarily totally disabled for an indeterminable period of time following such surgical procedure and that temporary total disability benefits shall be due during such period of recovery. The period of recovery shall be monitored and reported by the treating physician, who, at the time that plaintiff obtains optimum recovery, shall report plaintiff's percentage of permanent partial disability, if any there be, and this Court retains jurisdiction of this cause pending such report."
Claiming that Ms. Haggard had reached optimum recovery, Uniroyal, Inc., moved for a final judgment on November 30, 1981. On April 6, 1982 the court entered an order stating that an ambiguity existed in its October 6, 1980 order as to whether both temporary total disability benefits and permanent partial disability benefits would be awarded. The court stated that it had retained jurisdiction to award temporary total benefits inuring to claimant as a result of the second operation. Jurisdiction was not retained to award any permanent partial disability benefits. The court's final order, dated April 22, 1982, stated that Ms. Haggard had been fully compensated for her injury and that no further benefits were due her. Ms. Haggard has appealed to this court from that order.
Our review in a workmen's compensation case, so far as the evidence is concerned, is limited to a determination of whether there is any legal evidence, or reasonable inference therefrom, to support the judgment. Big "B" Discount Drugs, Inc. v.Parker, 401 So.2d 115 (Ala.Civ.App. 1981). In the case at bar the trial court's denial of permanent partial disability benefits to the claimant is supported by the evidence and, thus, is due to be upheld. In his deposition, Dr. Goldsmith stated that the claimant had fully recovered, could return to full-time work, and had no permanent disability.
Ms. Haggard contends that the purpose of the Alabama Workmen's Compensation Act is to allow full and complete benefits for a covered, job-related injury and that its provisions are to be liberally construed toward that end. She says that the court's refusal to grant permanent partial disability benefits denies her a full statutory recovery.
It is true that an employee covered under the workmen's compensation law is entitled to be fully compensated for a job-related injury and that the provisions of that law should be liberally construed to accomplish just such a result.Reynolds Metals Co. v. Gray, 278 Ala. 309, 178 So.2d 87 (1965). The trial court heard and saw the witnesses testify, considered the other evidence submitted to it, and concluded that claimant was not permanently disabled and thus was not entitled to permanent partial disability benefits. Also, the evidence supports such a finding. In this posture of the case, Ms. Haggard has received all the benefits of the workmen's compensation law which she is due to receive under the law.
Ms. Haggard argues that she presented a letter to the court from Dr. Hunter, the orthopedist who performed the last operation on her knee, wherein he stated that she had a sixty percent physical disability. However, this letter was not introduced into evidence and did not become a part of the record on appeal. This court can consider only matters contained in the record. Linderman v. Linderman, *Page 867 49 Ala. App. 662, 275 So.2d 342 (Ala.Civ.App. 1973). For this reason we cannot consider it in deciding this case. Had the letter been introduced into evidence and made a part of the record on appeal, the outcome of this appeal would not be any different for the reason that there is legal evidence in the record to support the trial court's conclusion that claimant was not due to receive any permanent partial disability benefits.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.