WRIGHT, Presiding Judge.
This is an appeal from the denial of workmen’s compensation benefits.
Ronald Roberts was employed as a laborer with Frit Industries from April 1979 until January 1980. He worked at the Ozark, Alabama facility, where various chemical fertilizers are processed.
The record indicates that claimant suffers from sarcoidsis, a disease commonly involving the lymph nodes, lungs and other organs. In his case, the disease manifested itself by chest pains, stomach pains, and diarrhea, with a marked weight loss.
The claimant alleges his condition arose from inhaling chemical dust particles from the employer’s processing operation. He was denied workmen’s compensation and brought suit. The circuit court found in favor of the employer. Claimant seeks review here.
Claimant contends that the circuit court’s judgment is not supported by the evidence. He argues that there was sufficient evidence presented to establish that his malady was either caused or aggravated by the dusty conditions present at the employer’s plant. He also argues that the two-pronged medical-legal causation test first established in City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (1975), should not be applied in this case.
Claimant’s contention that there was sufficient evidence to support a judgment in his favor appears contrary to the burden of proof in workmen’s compensation eases. The burden in such cases, referred to by both parties as the medical-legal test, is upon the claimant to satisfy the court that a personal injury was sustained; that the injury arose out of and in the course of the claimant’s employment; and that there is a connection between the injury received and the death or disability claimed. City of Tuscaloosa v. Howard, supra; Williams v. Aleo Mining Co., 46 Ala.App. 333, 241 So.2d 893 (1970).
Claimant’s proof of his dusty work environment and that he suffers from sar-coidsis fails to meet his burden of proof. The court found that though conditions at the employer’s plant were in fact dusty and that the claimant was exposed to the dust, there was no evidence that his condition resulted from or was aggravated by the dust.
The ore tenus rule does not apply in this case because it was submitted to the court upon deposition rather than oral testimony. Acton v. Board of Commissioners of the Alabama State Bar, 283 Ala. 121, 214 So.2d 685 (1968). Thus, this court considers the judgment of the trial court, without the *1040 presumption of correctness required by the ore tenus rule.
However, in reviewing the evidence we must apply the strict standard of review used in workmen’s compensation cases. That standard requires that we determine if there is any legal evidence, or reasonable inference therefrom, to support the trial court’s judgment. Big B Discount Drugs, Inc. v. Parker, 401 So.2d 115 (Ala. Civ.App.1981). If there is any such evidence, we must affirm the trial court’s determination of the facts. Our review of workmen’s compensation claims by certiora-ri does not perform the functions of an appeal. The weight or preponderance of the evidence or whether the findings of fact by the trial court is proper is not before us on review by certiorari. We must accept such findings if supported by any legal evidence. B.F. Goodrich v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971).
A review of the record shows no medical testimony to indicate any relationship between the dust inhaled by the claimant and the disease. In fact, all medical testimony presented establishes .that the etiology of sarcoidsis is unknown. Consequently, the trial court could find from the evidence that the claimant’s condition did not arise from the conditions of his employment. He has thus failed to meet either prong of the medical-legal test. The absence of evidence may support the trial court’s judgment.
We find no basis for claimant’s contention that we should not apply the medical-legal causation test stated in City of Tuscaloosa, supra.
We affirm the judgment of the circuit court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.