This is a workmen's compensation case.
The Circuit Court of Lawrence County awarded the employee permanent and total disability benefits arising out of an on-the-job injury. The employer appeals, through able counsel, contending that the trial court erred in finding that the employee was permanently and totally disabled. Additionally, the employer argues that a credit is due for the post-injury wages paid to the employee.
The record reveals, when viewed under the appropriate standard of review, that the employee was forty-three years old. He has a sixth grade education and is almost illiterate. When the employee quit school, he was employed as a farm worker for ten years, performing tasks such as driving machinery and planting crops.
After leaving the farm, he worked at a dairy for a short time, milking cows. Later, he was employed by a hatchery as a manual laborer.
At the time of the injury made the basis of this suit, the employee was a laborer on construction for the employer. During this time of employment the employee injured his back.
Subsequent to the injury, the employee sought medical treatment several times for his pain, finally resorting to surgery. The operation gave him some relief but did not cure the back injury. He still has pain in his back and legs and has difficulty sleeping, walking, and sitting for long periods of time.
The employee's doctor instructed the employee not to perform construction work, but light work was permissible. After the surgery the employee did work three months at a cleaning job for another employer. At the cleaning job the employee would work for fifteen minutes and rest for fifteen minutes to relieve the pain. *Page 427 
Since that time, he has been unable to find work that he can perform.
The employee's doctor testified by deposition that the employee has a physical impairment of fifteen percent to the body as a whole.
Both parties stipulated that $161 per week was the maximum compensation benefit payable at the time of the injury. This amount has been paid by the employer for a period of forty-eight weeks and five days.
The trial court found that the employee was permanently and totally disabled and awarded him a sum of $16,744. This amount represented $161 per week for the time between the injury and the judgment, 104 weeks. The amount was reduced by almost $8,000 for the benefits already paid. The court also awarded the employee $161 per week for his future disability, to be paid during the plaintiff's permanent total disability.
As indicated, the employer appeals, contending that the trial court erred in awarding the employee workmen's compensation benefits based on a permanent and total disability.
This court must apply the standard of review applicable in a workmen's compensation case. This standard requires that this court determine if there is any legal evidence, or reasonable inference therefrom, to support the trial court's judgment. The weight and preponderance of the evidence is not before us on a review by certiorari, and if there is any evidence to support the trial court's determination, we must accept those findings.Roberts v. Frit Industries, 437 So.2d 1038 (Ala.Civ.App. 1983).
The term "total disability" does not mean absolute helplessness or entire physical disability but, rather, can be defined as the inability to perform the work of one's trade or the inability to obtain reasonably gainful employment. BankheadForest Industries Inc. v. Lovett, 423 So.2d 899 (Ala.Civ.App. 1982).
Although there was medical testimony that the employee was impaired at fifteen percent of his body as a whole, there was no evidence that the medical opinion considered the age, education, past work history, and the effect of the injury on the employee's earning ability. The court may consider these factors before making a determination of disability. Edwards v.City of Huntsville, 49 Ala. App. 498, 273 So.2d 475
(Ala.Civ.App. 1973).
In Carroll Construction Co. v. Hutcheson, 347 So.2d 527, 530
(Ala.Civ.App. 1977), there was expert testimony that the employee had a disability of five percent to the body as a whole. This court stated the following: "Expert medical opinion as to the nature, extent and permanency of a disability in a workmen's compensation case is not conclusive on the trier of fact even if the testimony is uncontroverted." Further, the court found that other factors must be considered in making the disability determination and awarded the employee benefits based on permanent total disability.
Here, there was evidence that the employee was forty-three years old and only had a sixth grade education. There was also evidence that he could read very little and could only write his name. Additionally, the employee had never performed any work except manual labor and was not trained for any other employment. In his present condition, the employee can only do light work and is unable to lift, climb, or even stand for any length of time. It appears that the trial court did not err in the award of permanent total disability benefits when considering the above factors as affecting loss of earning ability.
The employer also contends that credit should be given for the three-month period after the injury when the employee was working for another employer. We disagree.
In TG Y Stores Co. v. Higdon, 437 So.2d 1035 (Ala.Civ.App. 1983), an employer sought a credit for the wages earned by a temporarily totally disabled employee who *Page 428 
worked part-time after the injury. This court stated that, even though the employee attempted to work "full-time," no credit would be given when the injury caused her considerable pain and actually hampered the time that she could work.
In the instant case, the employee worked an eight-hour shift for three months. He was able to work only fifteen minutes at a time and then rest fifteen minutes. There was evidence that the work caused him considerable pain, and, therefore, no doubt he was hampered by the injury.
Additionally, there was no evidence offered to show the amounts paid to the employee during this period in order to determine the credit sought.
When considering the factors of age, education, work experience, and the loss of earning ability, along with the fact that the employee was greatly hampered by the injury during his short post-injury employment, we cannot say that the trial court erred in the determination of permanent total disability and in the denial of a credit for other pay.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.