The law concerning the burden of proof in workers' compensation cases involving heart attacks and strokes was set out by the Court of Civil Appeals over 20 years ago in City ofTuscaloosa v. Howard, 55 Ala. App. 701, 318 So.2d 729
(Ala.Civ.App. 1975). The standard set out in Howard was later reaffirmed in Newman Brothers, Inc. v. McDowell, 354 So.2d 1138
(Ala.Civ.App. 1977). In Howard, the Court of Civil Appeals held that there were two standards of causation in workers' compensation claims involving heart attacks: legal causation and medical causation. The employee must present evidence as to both aspects of causation or else he or she has failed to meet the burden of proof.
I agree with the Chief Justice's interpretation of the medical causation test set out in Howard, as he explains it in his dissenting opinion. It appears to me that Howard requires the allegedly harming exposure at work to be "the contributing cause of the injury" upon which the workers' compensation claim is based, not just "a contributing cause." The significance of this difference is that the exposure caused by the employment must be more than one of many different factors causing a compensable injury; it must be the final or the main cause resulting in the "nonaccidental" injury.[8]
Section 25-5-81(c), Ala. Code 1975, states that "injuries which have resulted from gradual deterioration or cumulative physical stress disorders" will be "compensable only upon a finding of clear and convincing proof." The injury involved here is a stroke. Thus, the question before the Court, based on the record, is whether a stroke is an injury of sudden onset or an injury resulting from a "gradual deterioration." If it is the latter, the statute states that the injury will be "compensable only upon a finding of clear and convincingproof."
The Legislature did not elect to state what it meant when it used the phrase "injuries which have resulted from gradual deterioration," but this phrase presents a medical question. InHoward, the Court of Civil Appeals said the following:
 "As pointed out by Larson in his treatise, Workmen's Compensation Law, Vol. 1A, Sec. 38.83, the essence of the problem, particularly in heart attack cases is causation. *Page 276 
How is it to be determined that the job caused the heart attack? It is certainly not enough to show that plaintiff, a fireman, had a heart attack, especially if, as in this case, the attack did not occur on the job but some 11 days later.
 "Larson points out that causation has two distinct parts: the legal and the medical. He says:
 " 'The law must define what kind of exertion satisfies the test of "rising out of the employment"; then the doctors must say whether the exertion which has been held legally sufficient to support compensation has in fact caused the heart attack.'
 "How to define the legal test of cause of injury arising from an act of employment? It surely cannot be limited to some unusual strain or exertion not ordinary to the job. Of course, in case of occurrence of an unusual exertion or happening, the determination of legal causation is generally made easier. It appears that the proper test was set out in Pow v. Southern Construction Co., [235 Ala. 580, 180 So. 288 (1938)], which we paraphrase as follows: If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and be an accident under the statute. Such can be the legal test of causation. However, the medical test of causation must also be met — that is, that such exposure, though operating with or upon other exposure common to all, was in fact, the contributing cause of the injury. This test meets the employment versus non-employment exertion test of Larson stated in 65 Mich.L.Rev. 441."
55 Ala. App. at 705-06, 318 So.2d at 732 (emphasis added). Applying the Howard test to the facts of this case, I am unable to find legal evidence to meet either the legal test or the medical test of causation. Stated differently, the record reflects no direct evidence as to whether the stroke was a result of a gradual deterioration or was a sudden onset.
Consequently, I cannot agrae that the injury is compensable.
[8] Perhaps the best way to describe this test is to use the cliché of "the straw that broke the camel's back." The medical causation test as set forth in Howard require that the allegedly harmful work-related exposure must be "the final straw" resulting in the nonaccidental injury, not just one of the many straws or factors that caused the nonaccidental injury.