## OSCAR RYSTEDT v. MINNEAPOLIS-MOLINE POWER IMPLEMENT COMPANY.[1]

May 20, 1932.

No. 28,831.

*Cobb, Hoke, Benson, Krause & Faegre* and *Tracy J. Peycke,* for relator.

*Mead & Bryngelson,* for respondent.

HOLT, J.

Certiorari to review a decision of the industrial commission awarding respondent compensation for an accidental injury.

That respondent was an employe of relator on November 24, 1930; that on said date while so employed he sustained an accidental

[1]Reported in 242 N. W. 623.

injury which arose out of and in the course of the employment; that relator had notice and knowledge of the accidental injury within the statutory period; that as a result of the injury respondent required medical attention and received the same from Dr. C. J. Ehrenberg; and that relator has paid compensation of $14.85 per week to respondent for six weeks and four days ending January 10, 1931, was stipulated when the hearing commenced. With these stipulated facts it seems clear that respondent made a case for compensation if the evidence sufficiently establishes that the disability now existing is due to the same accidental injury which relator stipulated respondent sustained in the employment and which was such as to require the medical attention mentioned.

The facts as to the accident and respondent's condition appear to be, in short, that on November 24, 1930, he was engaged in moving steel rods, about 16 feet long, by means of a crane in relator's factory. In order to lift and move them a chain was passed around the center of the bundle of rods to be moved. The bundle this time to be moved was estimated to weigh around 1,500 pounds. The chain was not centered accurately, so respondent placed his right shoulder under the heavier end to hold up the rods as the bundle was moving. While in that position the chain slipped or slacked so that a sudden jar of the bundle subjected respondent's shoulder to a great strain under the excessive weight. The pain was so severe that he could not go on with his work for about 15 minutes. He then worked the rest of the day and until the afternoon of·the next day, when he became so sick that someone told the foreman, who sent respondent to the nurse employed by relator for treatment. He was afterwards examined by relator's doctor, who in addition to examining respondent advised that relator have him examined by specialists of the medical profession. This was done. No organic lesion or objective evidence of injury was found. It is true that with the exception of the nurse who examined the shoulder the day after the accident several days elapsed before the examinations. However, respondent's wife testified that the shoulder was swollen when he arrived home the day of the accident and that

there was a red spot and some bluish marks on it when she applied cold water packs. He has not worked since and claims inability to use his right arm.

While the expert in neurology called by relator concedes the existence of hysterical paralysis, he is of the opinion that if it does now disable respondent it did not originate from the accident referred to. The other medical experts of relator also attribute respondent's disability to causes other than the accident. None of them claim that he is malingering. Respondent's medical experts, recognized specialists, gave the opinion that respondent is afflicted with hysterical paralysis of the right arm and shoulder, which renders him unable to work, and that such paralysis resulted from the accident of November 24, 1930. It is true that with one exception the doctors find no organic disability now traceable to the accident. The disability is functional, that is, either the will power or the nerves fail to move the muscles of the right shoulder and arm. Medical authority seems to agree that hysterical paralysis as effectively prevents the use of members or parts of the body as true paralysis does. The testimony is also that a slight accidental injury is more likely to cause such paralysis than a serious injury.

With the stipulation made at the opening of the hearing and the situation and testimony outlined above, it must be conceded that the industrial commission could properly find that the accidental injury of November 24, 1930, which respondent sustained proximately caused the hysterical paralysis which ever since has disabled him. That hysterical paralysis or traumatic neurosis is a compensable disability in accidental injury cases has been held in several jurisdictions in addition to our own. In Welchlin v. Fairmont Railway Motors, 180 Minn. 411, 230 N. W. 897, 898, after calling attention to the fact that at common law damages could be recovered for traumatic neurosis caused by the negligent act of another, it was said [180 Minn. 413]:

"Under the compensation act the injured workman does not recover damages as such for an injury but receives a stated compensation fixed by the statute as compensation for disability; and he

may have compensation for neurosis if it is a proximate result of his injury and results in disability."

Several decisions are cited, to which may be added U. S. Fuel Co. v. Ind. Comm. 313 Ill. 590, 145 N. E. 122; Armour Grain Co. v. Ind. Comm. 323 Ill. 80, 153 N. E. 699; Behan v. John B. Honor Co. Ltd. 143 La. 348, 78 So. 589, L. R. A. 1918F, 862. In Hunnewell's Case, 220 Mass. 351, 355, 107 N. E. 934, 936, the court said of the workman there, applicable here:

"Apparently he did not have sufficient will power to throw off this condition and go to work as his physical capacity amply warranted him in doing. But such a condition resulting from a battery is an injury for which a tortfeasor would be liable in damages.   *   *   * The same principle applies to injuries flowing as a proximate result from an actual physical impact received by an employe under the act in the course of and arising out of his employment."

As already intimated, the industrial commission had evidence which justified its finding that as a result of the accidental injury of November 24, 1930, respondent "became totally disabled on the 25th day of November, 1930, and has been continuously totally disabled since said date to the 10th day of June, 1931, the date of the last hearing herein." That being so, the award should stand. There is an assignment relating to the time covered by the award, but since it is not pointed out wherein it is wrong, it is passed.

The writ is discharged and the award stands affirmed. One hundred dollars as attorneys' fees in this court may be taxed in favor of respondent.

Affirmed.