Defendant employer appeals from judgment in a workmen's compensation suit. We affirm.
Claimant was injured by accident in the line and scope of his employment with defendant, while working as a furnace operator in defendant's plant at Decatur, Alabama on February 13, 1974. Plaintiff suffered second and third degree burns when a furnace charged with molten aluminum exploded. Approximately 55% of his body surface was burned.
After initial treatment in Decatur, plaintiff was transferred to the Burn Clinic at University Hospital in Birmingham. His physician then was Dr. Dimick. He was also treated there by Dr. Nepomuceno, a specialist in rehabilitation medicine. His treatment continued through several skin grafts and he was released to out-patient basis about July 17, 1974.
The evidence is without dispute that plaintiff suffered severe bodily injury and disfigurement. Due to his burns which resulted in loss of sweat glands in the affected areas, plaintiff is unable to work in hot conditions. Subsequent to his recovery from the burns, plaintiff worked for more than a year for plaintiff as a janitor. He was offered jobs in other areas of the plant but they were too hot. He declined supervisory positions because of his belief that he could not perform with only a sixth grade education. Prior to trial, plaintiff had become a psychiatric patient of Dr. Phillips and was hospitalized in a psychiatric hospital at time of trial.
As there is no dispute as to the physical consequences and disabilities of plaintiff, we will not further catalog them. The court in its judgment found that plaintiff suffered a total and permanent occupational disability because of (1) physical consequences from the burns such as loss of sweat glands, contractures of the skin, limited motion in joints, susceptibility of the burned area to infection and injury, even cancer, and difficulty of healing should injury occur; (2) disfigurement; (3) his age (43) with limited educational background and mental development; (4) psychiatric consequences of his injury. It is the propriety of the inclusion of the "psychiatric consequences" as a factor in determining permanent total disability that defendant presents as the primary issue on appeal.
The psychiatric consequence stated by Dr. Phillips to be suffered by claimant as a result of his injury is specifically designated as depressive neurosis. Depressive Neurosis *Page 1001 
is defined[1] as "a severe onset of depression due to internal conflict or the loss of an object real or symbolic. It is characterized by morbid sadness, dejection, or melancholy and usually is accompanied by loss of sleep, loss of interest in activities, weariness, inhibitions, and loss of appetite and weight. This reaction is commonly seen in neuroses following trauma." There is considerable evidence in this case that claimant exhibited most of the characteristics common to depressive neurosis including suicidal tendencies and loss of a feeling of self worth. There was ample evidence that the neurosis of claimant resulted from the trauma of his injury and the residual effects.[2]
Defendant contends that the evidence discloses that in spite of claimant's serious burns, his recovered physical condition is such that he only has a 5% disability of the body as a whole. Defendant submits that the disabling factor is not the physical condition but the mental condition of claimant. With some exception to defendant's conclusions from the evidence, we agree with these contentions. We further agree that there is no specific definitive slot in the provisions of the Alabama Workmen's Compensation Act into which a disabling neurosis may be fitted. However, we do not agree that the result must be disallowance of compensation.
There has been no similar factual situation presented to the appellate courts of this state so far as we have determined. However, there are ample precedents from other states with compensation laws similar to ours, including the state of Minnesota from which state our Workmen's Compensation Act was largely copied. Wilborn Constr. Co. v. Parker, 281 Ala. 626,206 So.2d 872 (1968). In the case of Hartman v. Cold SpringGranite Co., 243 Minn. 264, 67 N.W.2d 656 (1954), the court affirmed an award for "traumatic neurosis" and said as follows:
 "The granite company concedes that if Hartman is a true neurotic he is entitled to compensation. Under our decisions it is clear that traumatic neurosis is compensable if it is the proximate result of the employee's injuries and results in disability. Welchin v. Fairmont Ry. Motors, 180 Minn. 411, 230 N.W. 897; Rystedt v. Minneapolis-Moline Power Imp. Co., 186 Minn. 185, 242 N.W. 623."
The position of the Minnesota case is well supported by other jurisdictions. Sizemore v. Canaveral Port Auth., 332 So.2d 23
(Fla. 1976); Miller v. United States Fidelity and Guar. Co.,99 So.2d 511 (La.App. 1957); Buck v. Beech Aircraft Corp.,215 Kan. 157, 523 P.2d 697 (1974). 1A Larson's Workmen's Compensation Law § 42.22.
Therefore, in recognition that psychic injuries and diseases are often as disabling as physical injuries and diseases and in response to the principle that the Workmen's Compensation Act has a beneficent purpose and is to be liberally construed[3] to serve that end, we follow the precedent of other states. We hold that if it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which neurosis causes or contributes to an occupational or physical disability, such disability is compensable.
We recognize the possible difficulty of establishing the existence of or the precipitating cause of any neurosis or psychic disorder. We recognize that there is a distinct possibility of attempted malingering in the absence of objective symptoms. We believe, however, that the difficulty of proof may be overcome by use of expert medical testimony and/or objective evidence. We also believe that malingering will be minimized by the vigilance of a discerning trial judge. *Page 1002 
Defendant insists in brief that the cause, existence and duration of a neurosis because of its nature should be established only by expert medical opinion. Though we are convinced that in many cases, the very nature of the alleged mental disease would require expert medical testimony to establish its existence and effect, we are not prepared to hold that such testimony is a required prerequisite to a finding of compensable disability in any case. Our courts have explicitly stated that expert medical testimony is not a prerequisite to a finding of a physical disability, its degree or duration.[4]
Though we discern a distinction between physical and mental diseases, we are not at this time convinced that there is a material difference in the difficulty of proof of their existence and effect.
Defendant contends there was no proof in this case to support the finding of a permanent total disability. We do not agree. The judgment of the trial court concluded that claimant had a permanent total occupational disability. The judge emphasized that his conclusion came from a combined consideration of the physical and mental disabilities. In addition to the medical testimony, with its reasonable inferences, the testimony of the claimant and others, the court saw and observed the claimant. This fact of observation is specifically stated in the judgment. In view of the rule of review of such cases by this court,[5] we find the judgment supported by the evidence and thus safe from reversal for insufficiency of the evidence.
Defendant charges error in the direction of the trial court that it pay the cost of the treatment of claimant in the psychiatric hospital. Defendant contends it could not be assessed such cost because the cost was not proved and shown to be reasonable. The requirement of payment of medical cost is established by Tit. 26, § 293, Code of Alabama (1940) (Recomp. 1958). That statute requires payment by the employer of the actual cost of reasonably necessary medical treatment. Our review of the evidence sufficiently supports the conclusion that the psychiatric treatment of defendant was reasonably necessary. Defendant was directed only to pay the cost thereof as required by statute.
Defendant also presents the issue of whether the trial court erred in awarding an uncommuted lump sum to claimant.
This issue brings us again to an amendment to Tit. 26, § 279 (C)(9), Code of Alabama (1940) (Recomp. 1958) passed by the legislature in 1973.[6] The amendment generally provided that in cases presented to the court, the judge could decide whether compensation would be paid upon final judgment in installments or as an uncommuted lump sum. The judge in this case directed payment in an uncommuted lump sum.
This court has had occasion to discuss the short-lived amendment in prior cases.[7] Defendant contends the court had no authority to award the uncommuted lump sum without a request for such payment being filed with the court and notice thereof to defendant.
Defendant's contention is not supportable. The statute clearly gives to the court the power to grant an uncommuted lump sum award in any case presented to it by petition. We consider that the petition referred to in this part of the statute is the original petition invoking the jurisdiction of the court and seeking workmen's compensation. The statute itself placed the defendant on notice that the court was authorized to award an uncommuted lump sum. It had opportunity to enter prior objection to the exercise of such authority and request a hearing thereon. We said in B.F. Goodrich Co. v.Butler, supra that there was no requirement *Page 1003 
of notice to the employer prior to entering such judgment. Constitutional due process is in no way involved in this case.
We find that no issue presented requires reversal. We therefore affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] American Psychiatric Association, The Diagnostic Statistical Manual of Mental Disorders, § 300 (2d ed. 1968).
[2] There is an interesting and enlightening article entitledNeurosis Following Trauma: A Dark Horse In The Field of MentalDisturbance, written by J. Mark Hart in 8 Cumb.L. Rev. 495 (1977).
[3] Ford v. Mitcham, 53 Ala. App. 102, 298 So.2d 34 (1974).
[4] Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269 (1973).
[5] Craig v. Decatur Petroleum Haulers, Inc., 340 So.2d 1127
(Ala.Civ.App. 1976).
[6] It was repealed in 1975.
[7] Harris v. National Truck Serv., 56 Ala. App. 350,321 So.2d 690 (1975); B.F. Goodrich Co. v. Butler, 56 Ala. App. 635,324 So.2d 776 (1975).