BRADLEY, Judge.
This is a workmen’s compensation case.
Ewell D. Seay, the appellant, was employed by the Alabama Power Company from April 1980 until September 24, 1980. He worked as a security guard at the Farley Nuclear Plant.
The main duty of the security force is surveillance, and this is carried out by on-foot inspection, motor patrol, and television surveillance. The security guards on the day shift normally arrive for work at 5:30 a.m. After a thirty minute briefing, each guard goes to a post at the plant facility. The guard stays at that post for two hours and then moves to another post. The guard is not to move to the next post until he is relieved by another guard. This rotation procedure is followed every two hours for the entire twelve hour shift.
On September 24, 1980 the appellant went through the normal shift rotation procedure. After staying on a post from 10:00 to 12:00 a.m., he was to move to a building area referred to as the “nineteen line.” The guard that was to relieve appellant at 12:00 noon was fifteen minutes late; therefore appellant was late getting to the “nineteen line.”
The “nineteen line” building has approximately five flights of stairs. The guard working this post goes up each flight and checks all the doors to see if each is locked. Appellant’s inspection was to be completed by 1:00 p.m. Since appellant was late arriving at this post, he hurried through in order to meet the deadline. While making his inspection he began to feel hot and nauseated. He also experienced chest pains. Mr. Seay completed his tour of the building in forty-two minutes — three minutes before the deadline.
Appellant informed his supervisor of his condition. At first he believed the pain was caused by indigestion, but as the pain worsened and moved from his chest into his left arm, he became concerned that he was having a heart attack. As soon as someone was found to relieve him, appellant was allowed to leave the plant. He drove to the Coffee County Hospital emergency room and from there was admitted into the coronary care unit of the hospital. Appellant remained in the hospital for thirteen days.
After his release from the Coffee County Hospital, appellant commenced receiving treatment from a cardiology specialist in Dothan. The doctor released him to do light work in December 1980, and on February 3, 1981 he was released to return to his former employment. Appellant had no pri- *1322 or medical history of heart trouble, but he had experienced a good deal of what he believed to be indigestion three or four months prior to September 24, 1980.
Upon being denied workmen’s compensation benefits by Alabama Power, appellant filed an action against his employer seeking such benefits. After a hearing, the circuit court decided that appellant had not been exposed to a risk materially in excess of that to which people not so employed are exposed, nor did any exertion appellant might have experienced on the job cause or contribute to his heart attack. Appellant appeals from this decision.
The issue on appeal is whether there is any evidence in the record to support the trial court’s finding of no causal relationship between the heart attack and any on-the-job physical exertion.
Review in workmen’s compensation cases is limited to questions of law and to whether there is any legal evidence in the record to support the trial court’s findings of fact. If there is legal evidence to support the trial court’s findings, its judgment must be affirmed. Eddie Wallace’s Garage v. Arreaga, 406 So.2d 405 (Ala.Civ.App.1981); Agan v. Union Foundry Co., 404 So.2d 71 (Ala.Civ.App.1981); Falls v. Warrior Drilling & Engineering Co., 399 So.2d 854 (Ala.Civ.App.1981). Where there is conflicting testimony and there is evidence to support the trial court’s finding, those findings are conclusive. Blackmon v. R.L. Zeigler Co., 390 So.2d 628 (Ala.Civ.App.1980).
Appellant’s initial contention is that the trial court erred in its application of the law to the facts in this case. The law dealing with workmen’s compensation benefits for heart attack victims is found in City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729 (Ala.Civ.App.1975) and Newman Brothers, Inc. v. McDowell, 354 So.2d 1138 (Ala.Civ.App.1977).
In Newman Brothers, we said that job causation for the heart attack is divided into two parts: legal causation and medical causation. The test for legal causation is as follows:
“[I]f in the performance of the duties of the job, an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may be legally determined to have arisen from the job and be termed an accident.”
The trial court’s judgment clearly shows that correct principles of law were applied.
After legal causation is established, medical causation must be shown. The test is whether the conditions, dangers, or risk on the job caused or contributed to the injury.
Again in the Newman Brothers case this court said:
“Simply stated, that premise is: If in the performance of his job he has to exert or strain himself or is exposed to conditions of risk or hazard and he would not have strained or exerted himself or been exposed to such conditions had he not been performing his job and the exertion or strain or the exposure to the conditions was, in fact, a contributing cause to his injury or death, the test whether the job caused the injury or death is satisfied.”
At the hearing, appellant testified that on September 24, 1980 he had exerted and strained himself by completing the tour of the “nineteen line” building in forty-two minutes. Also he contends that due to his replacement at the prior post being late in arriving, he had to rush to complete the “nineteen line” and this rushing led to his heart attack.
Appellee introduced evidence that forty-two minutes was not a hurried pace for the completion of this task. Moreover, it was shown that appellant had completed the tour in forty-two minutes or less on other occasions. Thus, conflicting evidence as to whether the appellant had exerted himself was presented to the trial court for its resolution. Also, there was evidence that the risk of the job, walking and climbing stairs, was not such a risk or danger materially in excess of that to which people not employed as security guards are exposed. Furthermore, Dr. Sawyer, the appellant’s cardiology specialist, testified that appel *1323 lant’s heart attack could have occurred while he was sitting still, that it was not the result of an occupational disease. Based on this evidence the trial court held that appellant’s heart attack was not caused by performing his job.
We conclude, therefore, that the trial court correctly applied the applicable law and that its judgment is supported by legal evidence. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., concurs in the result and specially.