This is a workmen's compensation case.
The claimant injured his back while working at Bickerstaff Clay's brickmaking plant. After hearing, the trial court found the claimant to have a fifty percent permanent partial disability to earn and awarded him $148 per week for 260 weeks and four days. Subsequently, the court amended its judgment, allowing only $74 per week for 260 weeks and four days. After a hearing on the proper calculation of benefits due and on the employer's motion for a new trial, the court again amended its judgment, allowing claimant $126.73 per week for 260 weeks and three days.
The employer appeals asserting three errors: (1) that the claimant suffers from a psychic injury which is not compensable under Alabama's workmen's compensation statute; (2) that there is no legal evidence to support the trial court's determination that the claimant suffers from a fifty percent permanent partial disability to earn; and (3) that the trial court improperly calculated the amount of compensation due pursuant to §§ 25-5-57, -68, Code of Alabama 1975.
We have previously recognized that psychic injuries are compensable where an employee suffers a physical injury or trauma in the line and scope of his employment, developing a neurosis as a proximate result. ABEX Corporation v. Coleman,386 So.2d 1160 (Ala.Civ.App. 1980); Fruehauf Corporation v.Prater, 360 So.2d 999 (Ala.Civ.App. 1978). Because it is undisputed that claimant suffered a severe back injury while working within the line and scope of his employment and that he now suffers from a resulting disabling neurosis, we follow the holdings in ABEX, supra and Fruehauf, supra. We find the claimant is entitled to compensation. Employer's contention that this case should be distinguished from Fruehauf and ABEX
because of a lesser severity of trauma and physical injury suffered is not supported by the record. The evidence indicates that the injury sustained by this claimant was more severe than that suffered by the claimant in ABEX.
Employer's contention that the court improperly determined claimant to have a fifty percent permanent partial disability to earn, because medical evidence indicated only a fifteen percent disability to the back and a seven percent disability to the body as a whole, is not accepted. In reaching the required factual conclusion of percentage loss of earning capacity, disability of the body is not the only determinative factor. The court may consider other *Page 392 
factors, including the claimant's age, education and experience, as they affect his employability and earning capacity. City of Enterprise v. Herring, 372 So.2d 358
(Ala.Civ.App. 1979).
In workmen's compensation cases, the standard of review is whether there is any legal evidence to support the trial court's findings. Young v. City of Huntsville, 342 So.2d 918
(Ala.Civ.App.), cert. denied, 342 So.2d 924 (Ala. 1977). We must accept such findings if supported by any legal evidence.B.F. Goodrich v. Martin, 47 Ala. App. 244, 253 So.2d 37 (1971).
A review of the record shows that the trial court properly considered evidence of claimant's back and wholebody disability, along with his lack of skills and education. The claimant was seen and observed by the judge. The determination of the extent of claimant's ability to earn after his injury was the responsibility of that court in light of all the evidence. The court is not bound by expert testimony. PintoIsland Metals Co. v. Edwards, 275 Ala. 351, 155 So.2d 304
(1963).
We do not find that the trial court erred in its computation of the claimant's benefits. Section 25-5-57 (a)(3)(g), Code of Alabama 1975, provides in pertinent part as follows:
 "In all other cases of permanent partial disability not above enumerated, the compensation shall be 66 2/3 percent of the difference between the average weekly earnings of the workman at the time of the injury and the average weekly earnings he is able to earn in his partially disabled condition, subject to the same maximum weekly compensation as stated in Section 25-5-68."
This provision is supplemented by § 25-5-68, Code of Alabama 1975, which provides as follows:
 "With respect to injury or death resulting from an accident occurring on or after July 1, 1976, the compensation paid under this article shall be not less than, except as otherwise provided in this article, 25 percent of the average weekly wage of the state as determined by the director of industrial relations (rounded to the nearest dollar) pursuant to subsection (c) of this section and, in any event, no more than 66 2/3 percent of such average weekly wage."
Though the record shows that the claimant was being paid $380.18 per week at the time of his injury, the employer contends that the 66 2/3 percent of average weekly wage figure referred to in § 25-5-68 (in this case $148.00) should be used as a ceiling on the amount of average weekly wages from which weekly compensation may be calculated. He contends that the amount of compensation should be computed as follows:
 "Average weekly earnings of plaintiff $ 380.18 pursuant to § 25-5-57 (a)(3)g x 66 2/3 -------- $ 253.45
 Since $253.49 is more than $148.00, maximum weekly compensation rate of $148.00 should be applied
 Maximum weekly compensation $ 148.00 percentage of disability to earn 50% -------- Weekly compensation due plaintiff $ 74.00"
We totally disagree with this formula. We find the following formula used by the trial court more accurately reflects the clear language of the statute:
 "Average weekly earnings of plaintiff- $ 380.18 employee Percentage of plaintiff's disability to x .50 earn -------- Average weekly earnings plaintiff can earn in his partially disabled condition $ 190.09 66 2/3 percent pursuant to 25-5-57 x .66 2/3 (a)(3)g --------- Weekly compensation due plaintiff-employee $ 126.73"
Only after weekly compensation due is determined, using this formula, will the ceiling mentioned in § 25-5-68 apply.
Thus, weekly compensation payments due will always be the lesser of weekly compensation due, as computed above, or the 66 2/3 percent of average weekly wage ceiling stated in § 25-5-68.
Our reading of these statutes is supported by recent articles and treatises on *Page 393 
the subject[1] and by previous decisions. Goodyear Tire RubberCo. v. Corfman, 424 So.2d 1326 (Ala.Civ.App. 1982).
Finding that the claimant has a compensable injury, that the amount of disability found by the trial court is accurate, and that the calculations used to determine benefits were proper, we affirm.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] J. Hood, B. Hardy Jr., E.J. Saad, Alabama Workmen's Compensation, § 10-10 (1982); J. Haley, Handbook on Alabama's Workmen's Compensation Law, 87-89 (1982).