Robert J. Wilson (employee) was an employee of American Cast Iron Pipe Company, Inc. (ACIPCO). The employee died while on the premises of ACIPCO in November 1983. Thereafter, Ethel Lee Wilson (Wilson), as executrix of his estate, filed a complaint seeking compensation as permitted under the workmen's compensation statutes. The complaint alleged that the employee died while acting within the line and scope of his employment.
ACIPCO answered, denying that the employee's death resulted from an accident or injury arising out of and in the course of his employment. The answer also alleged that Wilson, as executrix, was not the proper party plaintiff.
Wilson amended her complaint to substitute Ethel Lee Wilson as dependent wife of the deceased employee for Ethel Lee Wilson as executrix. After a hearing, the trial court issued a written order wherein it found that a causal connection between the employee's death and the duties of his employment had not been proven. Wilson appeals.
Our review of workmen's compensation cases is by certiorari. § 25-5-81(d), Code of Ala. 1975. This court reviews the evidence, but will neither weigh the evidence nor consider its preponderance. Our scope of review is limited to whether there is any legal evidence to support the findings of fact made by the trial court. Newman Brothers, Inc. v. McDowell,354 So.2d 1138 (Ala.Civ.App. 1977). In cases where there is evidence to support the findings of the trial court, such findings are conclusive even where there is conflicting evidence. Seay v. Alabama Power Co., 424 So.2d 1320
(Ala.Civ.App. 1982).
The findings of fact of the trial court included: The employee, a 54-year-old male, was at his place of employment in November 1983, when he collapsed and died. Although he suffered from mild to moderate hypertension and diabetes, both conditions were under control as of September 1983, and there was no evidence of prior cardiovascular disease or other condition which could have caused or did cause his death. While pursuing his duties as a utility man, the employee climbed a series of steps to reach a level area from which he ascended a ladder to reach a platform approximately 50 feet from the ground. This climb was made at an unhurried pace with two co-employees, and there was no shortness of breath or expressed pain. The weather on that evening was temperate. The employee collapsed approximately five minutes after completing the climb and was rushed to the hospital, where he was pronounced dead. The cause of death was listed as "cardio-respiratory arrest," which means his heart and lungs ceased functioning. Each party presented medical testimony from doctors who admitted several possibilities as to the cause of death. The trial court found that while there was some evidence that the employee had suffered a heart attack, the evidence did not establish either legal causation or medical causation as set out in several cases, including Newman Brothers, 354 So.2d 1138, andCity of Tuscaloosa v. Howard, 55 Ala. App. 701,318 So.2d 729 (Ala.Civ.App. 1975).
Wilson contends that the trial court erred when it found that the evidence did not support a finding that the employee's death was not compensable under the workmen's compensation statutes. *Page 340 
The legal causation and medical causation tests were set out as follows in Newman Brothers, 354 So.2d at 1140:
 "[I]f in the performance of the duties of the job, an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may be legally determined to have arisen from the job and be termed an accident. It then must be determined whether the medical test of causation can be shown — i.e., did the conditions, danger or risks on the job precipitate or contribute to the injury?"
Dr. Thomas Riser, the medical expert offered by Wilson, testified that, in his opinion, the employee had died from a myocardial infarction brought about by coronary artery disease and that it would be a fair assumption that climbing the stairs precipitated the fatal event. However, Dr. Riser admitted that his opinion was based on statistical probabilities that a man in the employee's age group is more likely to die of a heart attack than any other cause. He further admitted it would be fair to say that the employee could have had a heart attack while walking down the street.
Dr. Robert Hambaugh, Jr., who testified on behalf of ACIPCO, stated it was his opinion that the employee was not exposed to anything more than ordinary exertion and that this exertion did not contribute to his death. A co-employee testified that the climb of approximately 53 feet consisted of two flights of steps, for a total of 52 steps, an 88-foot walkway, and a ladder with 20 rungs on it. He stated that the climb was made at a moderate pace, the weather was temperate, and no one appeared to be out of breath or in any discomfort.
The burden of producing evidence as to cause of death is upon the claimant in a workmen's compensation case. Hannah v.Kellerman Mining Co., 46 Ala. App. 63, 237 So.2d 867
(Ala.Civ.App. 1970). Neither of the physicians in this case had ever seen or treated the employee. It was the prerogative of the trial court to decide which to believe. In view of the conflicting opinions, this court must find that there is evidence to support the judgment of the trial court.
Wilson also contends that the trial court erred to reversal when it overruled his objection to a hypothetical question propounded to Dr. Hambaugh by ACIPCO. Wilson also contends that the trial court erroneously relied upon this illegal evidence in reaching its decision.
Under our standard of review, this court
 "will not review technical questions regarding the trial court's rulings on objections to the admission of evidence. . . . The reason for appellate restraint . . . is that there is no statutory provision for setting out the trial court's rulings on admissibility in the findings of the trial judge and therefore these rulings are not part of the record. Thus, we do not reach the question raised by petitioner." (Citations omitted.)
Young v. City of Huntsville, 342 So.2d 918, 924
(Ala.Civ.App. 1976). This court will not disturb the trial court's determination in a workmen's compensation case, even if illegal evidence was admitted, as long as there is other legal evidence which supports that determination. Jamestown Corp. v.Ward, 373 So.2d 1136 (Ala.Civ.App. 1979).
Although we do not reach the question of whether the trial court's ruling on Wilson's objection was correct, we recognize the existence of other legal evidence which supports the determination. In addition to responding to the hypothetical question, Dr. Hambaugh answered a question propounded by Wilson's attorney that, in his opinion, climbing the steps and the ladder did not contribute to a heart attack. There was also the testimony of the co-worker regarding the weather, the pace of the climb, and the condition of the employee at the conclusion of the climb.
We must affirm the trial court.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the *Page 341 
provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.