After hearing the ore tenus testimony and considering other evidence in this workmen's compensation case, the trial court adjudged that the employee was totally and permanently disabled because of a work-related injury. The decisive issue on the employer's appeal is whether varicosity of the employee's spermatic cord and of his legs was job related.
In a workmen's compensation case our evidentiary review is limited to whether there is any legal evidence to support the holding of the trial court, and we must affirm if that supportive evidence is present. Wilson v. American CastIron Pipe Co., 528 So.2d 338 (Ala.Civ.App. 1988). "Regardless of the existence of a preexisting condition, if the employee was able to perform his duties prior to the subject injury, no preexisting condition is present for compensation purposes." J. Hood, B. Hardy, and E. Saad, AlabamaWorkmen's Compensation, § 10-13, p. 88 (1982). See also Robinson Foundry, Inc. v. Tinsley, 510 So.2d 825
(Ala.Civ.App. 1987). Stated differently, an award of compensation is not affected by pre-existing conditions and diseases if the job-related injury combined with the pre-existing condition to produce the disability. Allen v.Metro Contract Services, Inc., 421 So.2d 1289
(Ala.Civ.App. 1982).
According to the employee, he had no known health problem and he was able to perform the heavy manual labor which was required by his job before he was work-related injured on September 24, 1986. The varicosity had not manifested itself prior to the subject injury, but it became symptomatic shortly thereafter. He was 58 years of age, had only a third grade education, could neither read nor write, had no trade or educational training, and had an exclusively manual labor work history. He swore that he still suffered so much pain that he could not perform even light duty at his job.
Dr. Santos, the employee's physician, testified, in substance, that, in his professional opinion, the injury that the employee received on September 24, 1986, and the varicosity were work related. In his professional opinion, it was a medical probability that the work-related injury suffered by the employee aggravated or worsened the varicosity, which did not manifest itself through pain, swelling, or the patient's complaint until after the subject injury. In Dr. Santo's opinion, the employee would have to elevate his leg for a total of two to four hours during an eight-hour work shift in order to relieve his pain. The employee's condition will probably worsen with time, for he has reached maximum medical improvement.
The employee was performing his job normally and to the satisfaction of his employer prior to the September 24, 1986, injury. The testimony of the employee and of Dr. Santos supported the conclusion of the trial court that the employee was permanently and totally disabled as a result of that injury.
We affirm. *Page 959 
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.