ROBERTSON, Judge.
This is a workmen’s compensation case.
Tommy E. Burt, a fifty-two year old male, was employed with M & H Valve Company as a millwright and electrician. On Labor Day, September 1985, Burt’s supervisor called him to go see about water flooding the basement of the plant. The supervisor was fearful that the water might reach the electric cabinets containing 4,460 volts of electricity. Burt, upon arriving, found the water level to be very close to reaching the electric cabinets. He discovered that the existing sump pump, which pumps the water out of the basement, was no longer functioning. Burt found another sump pump, dragged it to the basement, and was installing it when something caught in his back. After successfully replacing the sump pump he called his supervisor to update him on the situation and to tell him he had injured his back. Burt experienced great pain and discomfort while driving himself home and had to be assisted out of the truck by his wife. Burt was taken to the hospital, where several tests were conducted on him, and he was placed in traction. Later he was referred to the Spain Rehabilitation Clinic in Birmingham for treatment. He has been treated by several physicians and has also spent some time in the Brookwood Pain Clinic. He is currently under the care of Dr. Rush Smith.
After an ore tenus proceeding the trial court found that Burt is unable to engage in any gainful employment and is not able to be rehabilitated in order to obtain gainful employment. The trial court also found Burt to be 100% permanently and totally incapacitated, and awarded total permanent disability benefits. M & H Valve appeals.
The overriding issue in this case is whether the trial court erred in awarding 100% total permanent disability.
Our standard of review in workmen’s compensation cases is by certiorari, and is strictly limited to an examination of the evidence to determine whether any legal evidence exists that will support the findings of the trial court. This court cannot weigh the evidence. Wilson v. William Wilson Co., 537 So.2d 930 (Ala.Civ.App.1988).
Testimony indicates that Burt will not be able to work anymore; that after his *623 surgery his condition worsened; and that doctors have told Burt that they have done all they can for him. He is now on pain medication and returns to the hospital at regular intervals for therapy. The record also reveals that Burt has a sixth-grade education; is minimally capable of reading; is only proficient in manual labor type jobs; and that he does not have any skills that he could use in “lighter kinds of jobs.” Burt’s vocational rehabilitation expert, Dr. William W. Stewart, testified that in his opinion Burt is 100% disabled.
Total or permanent disability does not mean absolute helplessness or entire physical disability. It is defined as the inability to obtain reasonable gainful employment. Lewis G. Reed & Sons, Inc. v. Wimbley, 533 So.2d 628 (Ala.Civ.App.1988). In reaching the factual conclusion of percentage of loss of earning capacity, disability of the body is not the only determinative factor. The court may consider other factors, including age, educational level, and experience as they affect employability and earning capacity. Bickerstaff Clay Products Co. v. Dixon, 444 So.2d 390 (Ala.Civ.App.1983).
In cases where there is evidence to support the findings of the trial court, such findings are conclusive even where there is conflicting evidence. Wilson v. American Cast Iron Pipe Co., 528 So.2d 338 (Ala.Civ.App.1988). Although conflicting testimony ^is presented as to Burt’s ability to work, we find that there is ample evidence to support the trial court’s findings. Whether Burt can be rehabilitated is a question of fact for the trial court’s determination and is not within our scope of review.
In reviewing the evidence presented, we find that the trial court did not err in awarding 100% permanent and total disability. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.