Jessie Wayne Barton filed a complaint for workmen's compensation benefits in the Circuit Court of DeKalb County against the City of Fort Payne, alleging that he was owed benefits for a work-related injury. Following oral proceedings, the trial court found Barton to be totally and permanently disabled. The city appeals.
Barton is 40 years old and began working for the City of Fort Payne as a police officer in 1986. On December 3, 1989, Barton suffered a heart attack while responding to an emergency call at a local hospital. He was hospitalized immediately. Dr. Patel, the treating cardiologist, recommended that Barton undergo a heart catheterization to aid in his prognosis. The procedure was performed on December 5, 1989. It revealed blockages in Barton's major arteries (coronary artery disease). On the same day he underwent triple bypass surgery. On December 20, 1989, he was readmitted to the hospital for a repeat catheterization, which revealed that one bypass graft had closed.
Barton returned to work in March 1990. He worked as a jailer for approximately four weeks. He was hospitalized in May 1990 with recurrent chest pains. He has not worked since that time.
Barton testified that he continues to be plagued with angina, fatigue, and depression. He testified that due to complications with the bypass surgery, he continues to experience pain and swelling in his left leg. Dr. Patel indicated that there is a poor prognosis for solving the leg problem. He requires Barton to elevate his leg for extended periods of time during the day. *Page 995 
Barton testified that his daily activities have been severely limited due to his medical and mental problems.
Barton completed the ninth grade and subsequently received a GED. He has completed 240 hours of training at the Alabama Police Academy. He has been employed as a police officer since 1979.
Dr. Torregosa, Barton's family physician, testified that in 1986 he diagnosed Barton as having angina pectoris. He treated the infirmity with hypertensive medication. He testified that Barton's condition was basically stable until the December 1989 heart attack. He opined that stress is a high risk factor for persons who have, or are developing, coronary artery disease. He believed that the stress caused by the December 1989 emergency call was a major precipitating factor for the heart attack.
Dr. Patel, the cardiologist, opined that work-related stress, coupled with the preexisting coronary artery disease, caused the December 1989 heart attack. He testified that a number of people have significant blockages and yet do not have heart attacks, and that sometimes even mild blockage can precipitate an attack. He testified that there is no distinct correlation between the amount of blockage and heart attacks.
Dr. Patterson, a psychiatrist, testified that Barton suffers from major depression and panic disorder with agoraphobia. He stated that Barton's mental instability is directly related to the heart attack.
The city concedes that Barton's heart attack was caused by and arose out of his employment and that he is totally and permanently disabled. It insists, however, that there is no correlation between the heart attack and the degree of disability. It maintains that the majority of Barton's disability is the sole result of his preexisting condition, coronary artery disease. It asserts that the trial court erred in finding the city totally liable for the compensation awarded.
The Workmen's Compensation Act is to be liberally construed. It is not limited to those in perfect health. Ex parte Lewis,469 So.2d 599 (Ala. 1985). If the employment aggravates, accelerates, or combines with a latent disease or infirmity to produce disability, the preexisting disability does not disqualify the claim under the "proximate cause" requirement of the act. Lewis. If the employee was able to perform his duties prior to the injury, no preexisting condition is present for purposes of the act. Associated Forest Materials v. Keller,537 So.2d 957 (Ala.Civ.App. 1998). In Lewis, the supreme court specifically stated that "[t]he rule is applicable to cases where a work related heart attack renders arteriosclerosis symptomatic."
In a workmen's compensation case this court's review is limited to a determination of whether there is any legal evidence to support the trial court's conclusions. If a reasonable view of the evidence supports the findings of the trial court, this court may then determine whether the correct legal conclusions have been drawn therefrom. Ex parte EastwoodFoods, Inc., 575 So.2d 91 (Ala. 1991).
In finding Barton to be totally and permanently disabled, the trial court made the following conclusions:
 "Based upon the testimony of Dr. Torregosa and Dr. Patel, the court finds that plaintiff had preexisting coronary artery disease at the time he suffered the heart attack on December 3, 1989, that plaintiff incurred considerable physical and emotional stress in responding to the emergency call at the hospital on that date, and that such stress combined with the preexisting condition to cause the heart attack.
 "The court further finds that the heart attack, and the by-pass surgery which followed as a consequence of the attack, have resulted in plaintiff's disability.
 "The defendant's assertion that plaintiff's preexisting condition is the sole cause of his current problems and disability and that the heart attack is not the cause of his disability is not supported by the evidence. To conclude that plaintiff would have suffered his present disability absent the occurrence of the *Page 996 
heart attack is, at best, speculative. While it is possible that plaintiff's coronary artery disease would have become sufficiently symptomatic, in time, to result in by-pass surgery even in the absence of the heart attack, the fact remains that the preexisting condition did not prevent plaintiff from working in a normal manner prior to the attack, and plaintiff's treating physician considered plaintiff's condition under control prior to that time.
 "As to the extent of plaintiff's disability, the court finds that he is now totally and permanently disabled. This conclusion is reached after consideration of the evidence as a whole and that cited above."
In reviewing the record with the attendant presumptions, we find that a reasonable view of the evidence supports the trial court's conclusion that Barton is totally and permanently disabled. Eastwood Foods.
The city asserts that it should not be totally liable for the compensation awarded because Barton contributed to his disability by smoking cigarettes.
The city cites no authority, persuasive or otherwise, to support its assertion. We are, therefore, precluded from addressing the issue. Harris v. Harris, 528 So.2d 866
(Ala.Civ.App. 1988). We reiterate, however, the fundamental principle in workmen's compensation actions — that the employer takes the employee "as is" when he enters his employment. Hyster Co. v. Chandler, 461 So.2d 828
(Ala.Civ.App. 1984). The city did not have a ban on cigarette smoking. The city was aware that Barton smoked cigarettes, as did other police officers. The city's argument is without merit.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.