In February 1993, Mickey Allen filed a complaint for workers' compensation benefits against Dunlop Tire Corporation. Allen alleged that on August 21, 1992,[1] he injured his knee in the line and scope of his employment and, as a result, suffered a permanent partial disability. Following ore tenus proceedings, the trial court found that Allen had suffered a 55% loss of earning capacity and a 67% permanent partial disability to his entire body as a result of the injury to his knee. The trial court awarded Allen benefits accordingly. Dunlop appeals.
Dunlop argues three issues on appeal: (1) whether the trial court erred in finding a permanent partial disability to the body as a whole; (2) whether the trial court erred in not applying a credit for sickness and accident payments received by Allen; and (3) whether the trial court erred in not considering Allen's preexisting knee problems.
Ala. Code 1975, § 25-5-81(e)(2) provides that this court will not reverse a factual finding made by the trial court if substantial evidence supports that finding. Presiding Judge Robertson explained the application of this substantial evidence standard of review in Whitsett v. BAMSI, Inc.,652 So.2d 287 (Ala.Civ.App. 1994). He stated that:
 "We will view the facts in the light most favorable to the findings of the trial court. The trial court's judgment will not be reversed unless it is clear that the trial court's findings are manifestly contrary to the evidence as contained in the record as a whole or unless it is clear that fairminded persons in the exercise of impartial judgment would adopt a contrary conclusion."
652 So.2d at 290.
Dunlop first argues that the trial court erred in finding that Allen had suffered a permanent partial disability to his entire *Page 639 
body. Dunlop contends that the trial court should have awarded benefits pursuant to Ala. Code 1975, § 25-5-57(a)(3)a. 16., the scheduled injury provision for the loss of use of a leg. A finding of a permanent partial disability to the entire body rather than to a scheduled member is sometimes appropriate:
 "[W]here the injury to one part of the body affects the other parts of the body and produces a greater or more prolonged incapacity than the specific injury would naturally produce, or causes an abnormal and unusual incapacity with respect to the member, an employee is not limited in his or her recovery to the amount allowed under the schedule for injury to one member."
Checker's Drive-In Restaurant v. Brock, 603 So.2d 1066, 1069
(Ala.Civ.App. 1992) (citation omitted).
The record reveals that while Allen was building a tire, he slipped on some grease and injured his knee. Dr. Horn, an orthopedic surgeon, performed an arthroscopic examination and discovered and removed abnormal cartilage fragments. Allen attempted a return to work, but continued to suffer pain and swelling in his knee. He saw another orthopedic surgeon, Dr. Bacon, who performed another arthroscopic operation. After determining that Allen had reached maximum medical improvement, Dr. Bacon placed permanent workplace restrictions on him: no standing or walking for more than 15 minutes, no climbing stairs, no squatting, no kneeling, and no lifting more than 15 pounds. Dr. Bacon testified that Allen would need a total knee replacement at some point, and he assigned Allen a 25% impairment rating to his lower extremity. Ms. Bramlett, Allen's vocational expert, testified that as a result of his injury he had suffered a 68% to 73% vocational disability.
The company's vocational expert testified that Allen has a 20% vocational disability if he is employed at Dunlop and a 55% vocational disability if he is employed elsewhere. Dr. Anderson, the medical director at the North Alabama Rehabilitation Hospital, testified that Allen has chronic pain syndrome and that further rehabilitation will reduce the workplace restrictions placed on Allen. Although the standard of review for this worker's compensation case is not the "any evidence" standard of Ex parte Eastwood Foods, Inc.,575 So.2d 91, 93 (Ala. 1991), and Ex parte Veazey, 637 So.2d 1348, 1349
(Ala. 1993), this court continues to not weigh the evidence heard by the trial court. Whitsett, supra; Edwards v. Stutts,Inc., 655 So.2d 1012 (Ala.Civ.App. 1995). We conclude that the trial court's finding that the disability extended to Allen's entire body is supported by substantial evidence, due to the significant restrictions placed on Allen by Dr. Bacon, the continuous pain that Allen suffers, the likelihood of eventual knee replacement surgery, and his tremendous loss of earning capacity.
Dunlop argues that the trial court did not apply the proper credits for sickness and accident payments it had paid to Allen. Allen testified that he received $275 weekly sickness and accident benefits for one year. He further testified that these benefits were based on his union contract. Ala. Code 1975, § 25-5-57(c)(1), provides that the employer may deduct payments made to the employee pursuant to plans providing for sick pay if the employer provided the benefits or the plans. An employer is not entitled to deduct, from its compensation obligation, sick pay paid pursuant to a union contract. Beatrice Foods Co.v. Clemons, 54 Ala. App. 150, 154, 306 So.2d 18
(Ala.Civ.App. 1975). Dunlop provided no evidence that it paid or provided these benefits to Allen. Therefore, the trial court did not err in not crediting these payments toward Dunlop's compensation obligation.
Dunlop argues that the trial court did not consider Allen's preexisting knee problems. Ala. Code 1975, § 25-5-58. An employee who has a preexisting condition is not precluded from collecting workers' compensation benefits if the employment aggravates, accelerates, or combines with, a latent disease or infirmity to produce disability. Ex parte Lewis, 469 So.2d 599
(Ala. 1985). A preexisting condition that did not affect the employee's work performance before the disabling injury is not considered, pursuant to the Act, to be a preexisting condition.Associated *Page 640 Forest Materials v. Keller, 537 So.2d 957 (Ala.Civ.App. 1988).
Allen testified that he had worked complete shifts until this injury, despite his having injured this same knee in 1988. Allen's first orthopedic surgeon, Dr. Horn, testified that the problems he diagnosed with Allen's knee in 1992 were not there in 1988, and that the 1992 injury aggravated problems he had before that injury. It is undisputed that Allen injured the same knee in 1988, but Dunlop did not provide evidence that Allen's ability to perform his job duties was affected by the 1988 injury. The trial court did not err in finding that Allen did not have a preexisting condition pursuant to Ala. Code 1975, § 25-5-58.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES and MONROE, JJ., concur.
[1] This case is governed by the Worker's Compensation Act, Ala. Code § 25-5-1 et seq., and the amendments effective May 19, 1992.