MONROE, Judge.
Paulette McCoy sued her employer, Wrangler, Inc., seeking to recover workers’ compensation benefits she claimed she was owed because, she said, she developed carpal tunnel syndrome working for Wrangler. After a hearing, the trial court found that McCoy’s bilateral carpal tunnel syndrome was not caused by her employment, and it entered a judgment in favor of Wrangler. McCoy appeals.
McCoy alleges that her injury occurred in March 1994; therefore, the new Workers’ Compensation Act applies. The standard of review this court must apply in cases under the new Act is derived from § 25 — 5—81(e)(1), Ala.Code 1975, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the new Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co., 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
In its judgment, the trial court made the following findings of fact:
“The evidence presented in this case on behalf of [McCoy] when looked at in its most favorable light indicates that the condition of which [McCoy] complains was not caused by her employment, as she had an underlying carpal tunnel problem, which was exacerbated after she started working at Wrangler.
“Testimony presented by Dr. Gordon Kirshberg, an expert hired by [Wrangler], indicated that the condition of which [McCoy] complains would not have been caused by the type of work that she had been doing and that this type work would not aggravate any underlying condition she had, but merely irritate it.”
The trial court appears to have based its denial of benefits on the ground that “the condition of which [McCoy] complains was not caused by her employment.” But it is well settled that “[a]n employee who has a pre-existing condition is not precluded from collecting workers’ compensation benefits if the employment aggravates, acceler *1253 ates, or combines with, a latent disease or infirmity to produce disability.” Dunlop Tire Corp. v. Allen, 659 So.2d 637, 639 (Ala.Civ.App.1995).
The trial court also tries to draw a distinction between “aggravate” and “irritate.” We find that as the words are used in this case, this particular distinction is somewhat contrived. New Webster’s Dictionary and Thesaurus of the English Language (1993) defines “aggravate” as “to irritate.” The same dictionary defines “irritate” as “to make sore or uncomfortable.” The Random House College Dictionary (1984) also defines “aggravate” as to irritate or “to cause to become irritated or inflamed.” Random House defines “irritate,” in the sense that it is used here, as “to cause or induce excitation, inflammation, etc.”
The trial court specifically found that McCoy’s condition was exacerbated after she began working at Wrangler and that her employment “irritated” her carpal tunnel syndrome. Our review of the record supports that finding. Conditions that are aggravated, irritated, or exacerbated by employment are compensable under the Workers’ Compensation Act. The trial court’s judgment denying benefits to McCoy because her employment “exacerbated” or “irritated” her condition is contrary to law; therefore, that judgment is reversed and this cause is remanded with instructions for the trial court to determine the amount of benefits to be awarded to McCoy.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.
CRAWLEY and THOMPSON, JJ., dissent.