MOORE, Judge,
concurring in part and in dissenting in part.
I respectfully dissent from that portion of the main opinion that upholds the trial court’s award of permanent-total-disability benefits. I believe the clause “physical or vocational rehabilitation” includes treatment for mental illness that is designed to improve an employee’s pain and to assist an employee to return to work. I further believe that the employee in the present case unreasonably refused “physical or vocational rehabilitation” by failing to attend her counseling sessions and by failing to take her medication. Therefore, under § 25-5-57(a)(4)d., Ala.Code 1975, the employee should not have been deemed permanently and totally disabled.
As pointed out by the main opinion, the term “physical or vocational rehabilitation” is not defined in the Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala. Code 1975. In determining the meaning of undefined terms in a statute, the overriding goal of this court is to ascertain and give effect to the legislature’s intent and purpose. See Ex parte Dunlop Tire Corp., 706 So.2d 729 (Ala.1997). The legislature specifically stated in § 1 of the 1992 act amending the workers’ compensation laws its intent that “The Alabama Workers’ Compensation Act is remedial in nature and should be liberally construed to effectuate the intended beneficial purposes.” Ala. Acts 1992, Act No. 92-537, § 1. Hence, in deciding the meaning of the term “physical or vocational rehabilitation,” this court should determine the purpose for which that term is employed and liberally construe the term to assure that the legislative purpose is served.
The legislature added the last sentence of § 25-5-57(a)(4)d. to the Act in 1992 as part of an overhaul of the workers’ compensation laws. See Ala. Acts 1992, Act No. 92-537, § 17. The legislature specifi *859 cally and clearly explained its intent in rewriting the workers’ compensation laws in 1992:
“It is also the intent of the Legislature in adopting this workers’ compensation scheme to address difficulties in the current scheme that are producing a debilitating and adverse effect on the state’s ability to retain existing industry and attract new industry. The Legislature finds that the current Workmen’s Compensation Law of Alabama and other means of compensation or remedy for injury in the workplace has unduly increased cost to employers in the state, driven away jobs, and produced no concomitant benefit. There is a total absence of any reliable evidence that the current act has resulted in fewer injuries on the job, and a considerable body of evidence that any added benefit to the worker is significantly offset by the resulting reduction in job opportunities.”
Ala. Acts 1992, Act No. 92-537, § 1. The legislature evidently concluded that awards of permanent-total-disability benefits to employees who refused to undergo physical or vocational rehabilitation unduly increased the costs of workers’ compensation. The legislature apparently reasoned that physical or vocational rehabilitation could either reduce or eliminate an employee’s loss of earning capacity, thereby reducing the compensation payable for an injury. Hence, an employee should undergo such rehabilitation. The prior workers’ compensation scheme did not suitably encourage an employee to fully participate in such rehabilitation, so the legislature enacted an inducement by declaring that an employee would not be eligible for permanent-total-disability benefits if the employee refuses to undergo physical or vocational rehabilitation.
In determining the purpose of certain language in a statute, a court should not simply view the words in isolation, but should consider the context in which the language is employed. See State Farm Mut. Auto. Ins. Co. v. Motley, 909 So.2d 806, 813-14 (Ala.2005). Viewed in the proper context, the last sentence of § 25-5-57(a)(4)d. plainly is intended to encourage employees to undergo “physical or vocational rehabilitation” that could lessen or eliminate their disability. See Clear Creek Transp., Inc. v. Peebles, 911 So.2d 1059, 1064 (Ala.Civ.App.2004). Hence, the phrase “physical or vocational rehabilitation,” as used in § 25-5-57(a)(4)d., should be construed as any treatment, plan, or program that would decrease the physical disability resulting from an injury or reduce the loss of earning capacity caused by the injury.
Such a construction would also be consistent with the meaning of the terms “physical rehabilitation” and “vocational rehabilitation” as they appear elsewhere in the Act. Section 25-5-77(a) requires employers to pay for reasonably necessary “physical rehabilitation.” By construing that term to include any reasonably necessary treatment, plan, or program designed to decrease the physical disability caused by an injury, the court would assure that employees would receive the broadest relief available under the medical-benefits provision in the Act. Section 25-5-77(c), Ala.Code 1975, entitles an employee to “vocational rehabilitation” when certain statutory conditions have been met. By construing the term “vocational rehabilitation” to mean any treatment, plan, or program intended to lessen the loss of earning capacity caused by an injury, the court would assure that employees would receive the broadest relief available under the vocational-rehabilitation-benefits provision in the Act. This broad construction would meet the remedial purposes of the Act as the legislature intended. See Ala. Acts 1992, Act No. 92-537, § 1.
*860 In this case, Dr. Epker stated that many of the employee’s physical symptoms “are likely due to anxiety ... [and] that her symptoms will improve through a combination of medication and therapy.” Dr. Wilkerson testified that depression increases the sensation and perception of pain and that depression actually alters the body’s immune response and healing ability. Although Dr. Wilkerson testified that his treatment was not “directed at [the employee’s] physical problems,” the treatment obviously was intended to indirectly address the employee’s physical disability by decreasing the employee’s subjective pain. Thus, the treatment could be properly classified as “physical rehabilitation,” as the trial court determined in its first judgment.
The mental-health treatment provided to the employee could also be properly considered “vocational rehabilitation.” The evidence is undisputed that the only barrier to the employee’s returning to work and earning the same amount of money as she did before the injury is her mental illness. Dr. Wilkerson basically testified that improvement in the employee’s mental condition would improve the employee’s ability to work. Consequently, treatment for her mental illness would lessen the employee’s loss of earning capacity, the goal of any vocational-rehabilitation plan.
In Fruehauf Corp. v. Prater, 360 So.2d 999, 1001 (Ala.Civ.App.1978), this court held
“that if it is established by legal evidence that an employee has suffered a physical injury or trauma in the line and scope of his employment and he develops a neurosis as a proximate result of such injury or trauma which neurosis causes or contributes to an occupational or physical disability, such disability is compensable.”
(Emphasis added.) Pursuant to this test, disability caused by a mental illness is covered by the workers’ compensation laws only to the extent that the mental illness causes or contributes to a vocational or physical disability. It naturally follows that any treatment for a covered mental injury would necessarily address the vocational or physical disability caused by the mental injury, even if the primary purpose of the treatment is to treat the underlying mental condition.
Because the language in § 25-5-57(a)(4)d. is unique to Alabama law, a review of the law of other jurisdictions would not be particularly helpful in deciding the issue before us. However, it appears that no other state appellate court has expressly considered whether a refusal to undergo psychiatric or psychological treatment amounts to a refusal of physical or vocational rehabilitation. In analogous cases, this court has recognized that a refusal to stop smoking and a refusal to lose weight that impedes an employee’s recovery from a physical injury may be considered a refusal of “medical service or physical rehabilitation” under § 25-5-77(b). See Mike Makemson Logging Co. v. Colburn, 600 So.2d 1049 (Ala.Civ.App.1992), and Fort James Operating Co. v. Kirklewski, 893 So.2d 434 (Ala.Civ.App.2004). Those cases support the expansive view that a refusal of mental-health treatment that could lessen an employee’s physical disability and decrease the employee’s loss of earning capacity should be considered a refusal of “physical or vocational rehabilitation” under § 25-5-57(a)(4)d.
I concur with the conclusion in the main opinion that the employee unreasonably refused to undergo treatment for her mental illness. Although Dr. Wilkerson testified that some patients may forgo treatment for a variety of reasons, many of which may be reasonable, the only reason the employee gave for not following her doctor’s advice was her dislike for medi *861 cation, which was not reasonable. Because the employee unreasonably refused to attend her counseling sessions and take her medication, the employee should not have been deemed permanently and totally disabled. I therefore dissent from that portion of the main opinion that upholds the trial court’s award of permanent-total-disability benefits.